2004 SD 76

**Richard C. FLUGGE, Plaintiff and Appellant,**

v.

**Barbara A. FLUGGE, Defendant and Appellee.**

**Nos. 22989, 23001.**

Supreme Court of South Dakota.

Considered on Briefs April 26, 2004.

Decided June 2, 2004.

John R. Pekas, Sioux Falls, South Dakota, Attorney for plaintiff and appellant.

David Alan Palmer, Sioux Falls, South Dakota, Attorneys for defendant and appellee.

SABERS, Justice.

[¶ 1.] Richard Flugge brought a lawsuit against his former wife, Barbara Flugge, claiming abuse of process, barratry, unlawful eviction and punitive damages. Barbara counterclaimed for intentional infliction of emotional distress and malicious prosecution. Each party moved for summary judgment and the circuit court granted the motions. Both parties appeal.

## FACTS

[¶ 2.] Richard and Barbara were married on February 16, 1969 and were contemplating divorce in 1998. During the unpleasantness that surrounded the parties' separation, Barbara filed for a temporary restraining order against Richard on an allegation that Richard assaulted her and threatened violence with a handgun. That restraining order was later extended. As a result of the protection order, Richard was required to leave the marital home. Barbara subsequently obtained another protection order against Richard based on allegations by their minor child that Richard hit him.

[¶ 3.] On January 26, 2000, the parties entered into a Stipulation and Agreement in anticipation of divorce which purported to settle all of the parties' claims against one another. On January 31, 2000, the parties were divorced. On October 26, 2001, Richard filed a motion for change of custody. That motion was denied after a custody trial which ended on May 1, 2002. Richard initiated the present case on August 16, 2002. Barbara counterclaimed.

[¶ 4.] The trial court granted both parties' motions for summary judgment. Richard appeals raising five issues, which we consolidate into two:

1. Whether the circuit court erred in granting Barbara's motion for summary judgment on Richard's claims arising out of her petitions for protection orders.

2. Whether the circuit court erred in refusing to grant Richard's motion to strike under SDCL 15–6–12(f) for violation of Local Rule 11(A).

By notice of review, Barbara raises one issue:

3. Whether the circuit court erred in granting Richard's motion for summary judgment on Barbara's counterclaim for intentional infliction of emotional distress and malicious prosecution.

## STANDARD OF REVIEW

[¶ 5.] Summary judgment is proper where,

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

SDCL 15–6–56(c).

We will affirm only when there are no genuine issues of material fact and the legal questions have been correctly decided. We view all reasonable infer-

ences drawn from the facts in the light most favorable to the non-moving party. In addition, the moving party has the burden of clearly demonstrating an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law.

*Luther v. City of Winner,* 2004 SD 1, ¶ 6, 674 N.W.2d 339, 343(internal citations and quotations omitted).

**[¶ 6.] 1. Whether the circuit court erred in granting Barbara's motion for summary judgment on Richard's claims arising out of her petitions for protection orders.**

[¶ 7.] Richard's claims are based on the protection orders obtained in 1998 and 1999 by Barbara on the allegation that Richard had been physically abusive. Richard now claims that the protection orders were falsely obtained. Although Barbara denies the allegation, she states in her brief, "for purposes of there being no genuine issues of material fact, the Court may assume, *arguendo,* that Richard's assertion is true."

[¶ 8.] Barbara filed the first petition for a protection order on September 14, 1998. The petition alleged that Richard caused, attempted to cause and inflicted fear of physical harm or bodily injury. The magistrate entered an ex parte temporary order of protection which was to expire on October 13, 1998. On September 21, 1998, the circuit court entered an order of protection. The order stated that the parties were present and represented by counsel. The court found, "without admitting to the allegations in the petition, [Richard] waives further hearing, findings of fact and conclusions of law, and *stipulates to the entry of an order of protection* [.]" (Emphasis supplied.) The order was effective for one year. Among the terms stipulated by Richard were: "[Barbara] shall have sole possession of the residence"

and "[Richard] shall immediately leave the residence." Richard did not appeal entry of the protection order.

[¶ 9.] Barbara filed a second verified petition for a protection order on January 5, 1999. The second order was based on the allegation of the parties' ten year old son that Richard hit him. The petition indicated that the child's counselors recommended that the child not be left alone with Richard until Richard underwent a psychiatric evaluation. The petition requested an order that Richard be restricted to supervised visitation with the child and that Richard undergo psychiatric evaluation. An ex parte protection order was entered that day and set to expire on January 12, 1999. The parties, who were both represented by counsel, entered into a stipulation on January 14, 1999 that each party and the child were to undergo mental health evaluations. The court incorporated the stipulation into an order "pursuant to hearing held January 12, 1999," that continued the order that visitation between Richard and the child be supervised. Richard did not attempt to set aside the order and there is no indication in the record that he refuted the allegation of abuse. Several months later, the minor child indicated to his counselors that his allegation that Richard hit him was false.

[¶ 10.] The January 26, 2000 Stipulation and Agreement purported, among other things, to settle custody of the minor child. Contrary to the spirit of the agreement, Richard made a motion to change custody without any showing of a substantial change in circumstances. The trial court denied the motion, finding it "frivolous." Undeterred, Richard brought the present action within weeks of settling payment of Barbara's attorney fees from the action that was determined to be frivolous.

[¶ 11.] The circuit court granted both motions for summary judgment, finding that the parties' claims were "entirely derivative of the initial divorce proceeding" and "the sheer number of times the parties have attempted to litigate the same issues in this judicial circuit is also determinative as a matter of res judicata." The court also found that the parties "again attempt to use the judicial system for the insincere purpose of dragging out divorce hostility."

[¶ 12.] The circuit court came to its conclusion by "synthesizing the principle of res judicata with the holding in [*Christians v. Christians*, 2001 SD 142, 637 N.W.2d 377]." The court noted that this Court had recognized in *Christians* that a cause of action by a former spouse against the other spouse "requires the existence of a tort independent from the divorce proceeding." The circuit court went on to note that the parties' claims were completely derivative of the initial divorce proceeding and concluded, "both doctrinally and [as] a matter of common sense, res judicata bars issues previously litigated to a final result from being re-litigated in a subsequent and distinct lawsuit."

[¶ 13.] In *Christians*, we acknowledged that conduct leading to the dissolution of a marriage does not constitute grounds for a claim of intentional infliction of emotional distress. However, we noted that independent torts are actionable. *Christians*, 2001 SD 142 at ¶ 21, 637 N.W.2d at 382 (citing *Henry v. Henry*, 534 N.W.2d 844, 846 (S.D.1995); *Scotvold v. Scotvold*, 68 S.D. 53, 55, 298 N.W. 266, 269 (1941)). We held that to recover for a claim of intentional infliction of emotional distress, the claimant must establish the necessary elements of the tort separate from the grounds for divorce. In a special concurrence, Justice Konenkamp stated, "to ensure that these tort claims are not conceived out of petty spite or as leverage for concessions on divorce issues, trial courts [ ] must sift out unmeritorious suits." *Christians*, 2001 SD 142 at ¶ 41, 637 N.W.2d at 385 (Konenkamp, J., concurring specially).

[¶ 14.] The elements we consider when determining whether an issue is res judicata are well settled. They are:

1) whether the issue decided in the former adjudication is identical with the present issue;

2) whether there was a final judgment on the merits;

3) whether the parties are identical; and

4) whether there was a full and fair opportunity to litigate the issues in the prior adjudication.

*Faulk v. Faulk*, 2002 SD 51, ¶ 17, 644 N.W.2d 632, 635 (additional citations omitted). The only element apparently disputed by Richard is whether he had a full and fair opportunity to litigate his claims. He asserts that since *Christians* was not decided until after the divorce was finalized, element four was not satisfied. However, since 1941, this Court has acknowledged the right of one spouse to bring a civil suit against the other spouse. *Scotvold*, 68 S.D. at 55, 298 N.W. at 269. *See also, Gassman v. Gassman*, 296 N.W.2d 518, 522 (S.D.1980); *Henry*, 534 N.W.2d at 847. Richard's assertion that he did not have a full and fair opportunity to litigate his current claims because the law did not allow it at the time is without merit.

[¶ 15.] Every one of Richard's claims is based on the argument that the protection orders were falsely obtained. Richard was present and represented by counsel when the orders regarding both petitions for protection orders were entered. In both cases, he stipulated to entry of orders and did not raise the substantive argument that the orders were falsely ob-

tained. He did not request reconsideration of either order. He did not appeal either order. The primary question at a hearing on whether to enter a protection order is whether there are legitimate grounds to enter the order. At no time during those proceedings did Richard dispute the grounds to enter the order. He points to no procedural or legal barrier preventing him from arguing the validity of the orders and to no barrier erected by the circuit court to raising such arguments. In short, element (4) of res judicata is satisfied because Richard had a full and fair opportunity to raise the argument that the protection orders were based on false premises. He declined to do so and now in a collateral lawsuit he wishes to relitigate the precise question to which he stipulated, satisfying element (1). Principles of res judicata and judicial economy mitigate against allowing such litigation.

[¶ 16.] The remaining elements of res judicata are likewise met. There was a(2) final judgment on the merits with regard to both protection orders and (3) the parties are identical. The trial court did not err in granting summary judgment on Richard's claims.

■ [¶ 17.] Even assuming Richard did not have a full and fair opportunity to litigate these claims, he has waived the claims through the Stipulation and Agreement he entered into with Barbara on January 26, 2000. The Stipulation and Agreement recites in part:

> Whereas plaintiff and defendant contend that it is the purpose of their Stipulation and Agreement to make a complete and final settlement of all rights and claims that each may have against the other, to provide fairly and adequately for their support and maintenance, to memorialize the separation of the parties and their Agreement, to finalize the division of property owned by them or either of them, and all other rights of property otherwise growing out of the marriage relationship that either of them now has or may hereafter have or claim to have in any property of every kind, nature, and description, real or personal, now owned or which may hereafter be acquired by either of them, and acknowledgment by the parties that this Agreement is subject to the approval of the Court, and that if the Court finds grounds for and makes a decree of divorce for either party, the conditions of this agreement, or any part thereof, may be incorporated in the Judgment and Decree of Divorce, as the Court shall deem necessary[.]

(Emphasis supplied.) Richard argues, "there is no language in this phrase, or anywhere else in this document, that can be construed as a total release." We disagree. The first clause of this recital makes clear that the parties' intent in making the Stipulation and Agreement was to "make a complete and final settlement of all rights and claims that each may have against the other."

[¶ 18.] We have held that waiver occurs when:

> [O]ne in possession of any right, whether conferred by law or by contract, and with full knowledge of the material facts, does or forbears the doing of something inconsistent with the exercise of the right.

*Action Mechanical, Inc. v. Deadwood Historic Preservation Com'n.*, 2002 SD 121, ¶ 18, 652 N.W.2d 742, 749 (additional citations omitted). Richard argues that the doctrine of waiver does not apply because "[Barbara] fails to show that 'full knowledge' was present" until she acknowledged that the protection orders were falsely obtained. This argument is without merit. One must presume that if Barbara lied in either petition, Richard would have known

at the moment he saw the petitions since both were based on allegations about his own conduct.

[¶ 19.] In *Henry*, we held that a Stipulation and Agreement containing a clause that released the spouses "from any and all rights, claims, demands or obligations arising out of or by virtue of the marital relation" was sufficient to preclude the wife from suing the husband for pre-divorce tortious conduct. *Henry*, 534 N.W.2d at 847. Likewise, the language agreed to in this Stipulation and Agreement was sufficient to waive claims between the parties accruing prior to the signing of the Stipulation and Agreement.

[¶ 20.] Because Richard is not entitled to compensatory damages under any of the foregoing claims, his claim for punitive damages must also fail. *Schaffer v. Edward D. Jones & Co.*, 521 N.W.2d 921, 928 (S.D.1994) ("this Court has consistently held that punitive damages are not allowed absent an award for compensatory damages.").*

[¶ 21.] **2. Whether the circuit court erred in refusing to grant Richard's motion to strike under SDCL 15–6–12(f) for violation of local rule 11(A).**

[¶ 22.] Richard asserts that the trial court erred in refusing to strike Barbara's motion for summary judgment under SDCL 15–6–12(f). Richard contends that the court should have stricken the motion because Barbara failed to comply with local rule 11(A) which provides:

A party moving for summary judgment must attach to the motion a separate, short, and concise statement of the material facts as to which the moving party

contends there is no genuine issue to be tried. Each material fact in this local rule's required statement must be presented in a separate, numbered statement and with appropriate citation to the record in the case.

Barbara's counsel did not file her statement of undisputed material facts along with the motion for summary judgment. The statement was delivered to opposing counsel approximately four hours before the hearing. Richard claims he was "sandbagged" at the hearing and therefore "lost his case."

[¶ 23.] Richard does not cite a reference to the settled record wherein he requested a motion to strike the summary judgment motion. In its memorandum opinion, the trial court inserted a footnote which provided in part:

Plaintiff additionally moved to strike defendant's *counterclaim* for intentional infliction of emotional distress pursuant to 15–6–12(f). As plaintiff moved for summary judgment as to the matter of intentional infliction of emotional distress, plaintiff's Motion to Strike need not be addressed.

(Emphasis supplied.)

[¶ 24.] The trial court addressed the motion to strike:

In regard to the plaintiff's motion to strike, the court will normally not strike a pleading or impose sanctions until a party first brings a motion to compel[,] which is then not followed. Additionally, plaintiff only filed his motion to strike at the time of the hearing in this matter

---

* For the emotional well-being of the parties and their remaining child, this litigation should come to an end. The fighting between these parties has been before the courts since at least 1998. In that time, not only has the family been torn apart, they have also lost their eldest child to suicide. Among the issues that had to be addressed in the Stipulation and Agreement was an apparent dispute over the design and installation of their child's headstone.

and did not notice this issue for hearing. Therefore, motion to strike is denied.

[¶ 25.] Richard argues on appeal that the court's failure to grant his motion to strike the *summary judgment* (not the counterclaim) is his basis for asserting error. His argument is that the trial court erred in refusing to enforce the local rule requiring filing of the statement of undisputed material facts. It is somewhat unclear whether the trial court is referring to the same motion to strike as Richard is relying upon in this appeal. Richard does not point to any place in the settled record wherein he made a motion to strike Barbara's summary judgment motion, nor has one been found on our review of the record. Regardless, the discussion with the trial court regarding Barbara's failure to file the statement reveals no error by the trial court.

[¶ 26.] At the hearing, Richard's counsel stated that he "would like to discuss [ ] the local rules" in light of Barbara's untimely submissions. He argued that Local Rule 11(c) should apply. The trial court stated:

> [T]he Rule does provide it can be dismissed; however, one provision, which is always considered by the court on such a Rule to dismiss, which is considered a drastic measure, is whether or not you are prejudiced by the failure to submit, and if there are other remedies which— such as continuance, which can be used to remedy, a default for a failure to comply, short of dismissal.

Local Rule 11(c) does not directly provide for dismissal, but rather provides:

> All material facts set forth in the statement that the moving party must serve shall be admitted unless controverted by the statement required to be served by the opposing party.

Regardless, the trial court was correct in its statement that the court could consider less drastic measures, such as a continuance. Local Rule 6 provides, "[a] judge [ ] may dispense with a circuit civil rule of practice as a matter of discretion." In accord with this grant of discretion, the court inquired whether Richard was prejudiced by the late filing. His counsel responded that he did not know, but that he wanted to proceed with the hearing. He indicated that he would go through the submissions "later on" and requested that "if there is something that I have to bring back up to the court, I would like to have the opportunity to do that." He then proceeded to present arguments on his motion for summary judgment. At the close of the hearing, the court asked whether Richard would like additional time to file responses to Barbara's submissions. Richard requested a week, stating, "if I need to file anything, I'm sure it would be very, very short." There is no indication in the record that Richard brought anything to the court. Nonetheless, Richard argues that he lost his case because of "sandbagging" by opposing counsel.

[¶ 27.] Richard's bare assertion of prejudice is insufficient to support a holding that the trial court abused its discretion in refusing to strike the motion or dismiss the counterclaim. Richard declined to accept the offered continuance, and fails to direct the Court to any statement within Barbara's submission that came as a surprise or prejudiced his ability to proceed at the summary judgment motion hearing. Counsel made no attempt for any relief under SDCL 15–6–56(f).

[¶ 28.] Finally, we note that SDCL 15–6–12, by its terms does not provide grounds for striking Barbara's motion for summary judgment. The statute provides:

> Upon motion made by a party before responding to a pleading or, if no re-

sponsive pleading is permitted by these rules, upon motion made by a party within twenty days after the service of the pleading upon him or upon the court's own initiative at any time, the *court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.*

SDCL 15–6–12(f). A motion for summary judgment is not a pleading. *See* SDCL 15–6–7(a). Even assuming the motion qualified as a pleading, Richard fails to assert that the motion sets forth "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." SDCL 15–6–12(f). The trial court's denial of Richard's motion to strike is affirmed.

[¶ 29.] **3. Whether the circuit court erred in granting Richard's motion for summary judgment on Barbara's counterclaim for intentional infliction of emotional distress and malicious prosecution.**

[¶ 30.] Barbara argues by notice of review that the trial court should not have granted Richard's motion for summary judgment on her counterclaims for intentional infliction of emotional distress and malicious prosecution. She asserts "she had to fight back" because Richard initiated this suit approximately seventeen days after signing a stipulation agreement and paying her attorney fees from the last frivolous action. The trial court used the same analysis to grant Richard's summary judgment motion as it did to grant Barbara's motion, *i.e.* that her claims were derivative of the divorce action and res judicata.

[¶ 31.] Barbara's counterclaims for malicious prosecution and intentional infliction of emotional distress cannot be deemed "derivative" of the divorce proceeding. Both claims are based on torts alleged to have occurred post-divorce,

therefore, the trial court's application of *Christians* to her claims was misplaced. Likewise, the claims raised by Barbara are not res judicata because they could not have been litigated prior to her bringing the counterclaim in this action. Similarly, the trial court could not have granted summary judgment on the grounds asserted by Richard.

[¶ 32.] Barbara's first claim is that Richard committed intentional infliction of emotional distress by bringing the change of custody motion and the present case. In his summary judgment motion, Richard asserted that since Barbara did not intend to present expert testimony and had not seen a professional to treat her emotional distress, she cannot prove any damages. Richard cites no authority for the proposition that one claiming intentional infliction of emotional distress must provide medical evidence of emotional distress to overcome a summary judgment motion. In fact, Justice Amundson's writing in *Christians* indicates the contrary:

> Here, whether demonstrated by physical symptoms or not, the severity of [the plaintiff's] distress could have been proven with expert testimony from a psychiatric expert, or it could simply have been proven by lay witness testimony. *See Uebelacker v. Cincom Sys., Inc.,* 48 Ohio App.3d 268, 549 N.E.2d 1210, 1220 (1988) (citation omitted) (stating that expert opinions may be used to show severe emotional distress, but they are not "indispensable," as lay persons may testify to significant changes in the plaintiffs emotional well being).

*Christians,* 2001 SD 142 at ¶ 59, 637 N.W.2d at 389–90. Summary judgment would be inappropriate on the grounds Richard alleged. The trial court did not consider whether there were genuine issues of material fact regarding Barbara's claims, nor did it address the legal suffi-

ciency of her claims. Richard's conduct was post divorce conduct and the issue raised by Barbara is not res judicata. Therefore, the trial court's grant of summary judgment on Barbara's intentional infliction of emotional distress claim cannot be sustained and is reversed.

[¶ 33.] Barbara's second claim was for malicious prosecution. Richard asserted in his summary judgment motion that the claim was barred by the affirmative defense of satisfaction and accord. He based this assertion on the fact that he and Barbara had reached an agreement whereby he would pay most of her costs and fees arising from the change of custody motion.

[¶ 34.] The elements of malicious prosecution are:

(1) The commencement or continuance of an original criminal or civil judicial proceeding;

(2) its legal causation by the present defendant against plaintiff, who was defendant in the original proceedings;

(3) its bona fide termination in favor of the present plaintiff;

(4) the absence of probable cause for such proceeding;

(5) the presence of malice; and

(6) damages conforming to legal standards resulting to plaintiff.

*Leisinger v. Jacobson*, 2002 SD 108, ¶ 12, 651 N.W.2d 693, 697 (citing *Kaarup v. St. Paul Fire and Marine Ins. Co.*, 485 N.W.2d 802, 804 (S.D.1992)). Barbara's claims of malicious prosecution are based on both the change of custody motion and this proceeding. The trial court did not test the legal or factual sufficiency of the malicious prosecution claims or Richard's defense to the claims, and as noted above, the trial court's reason for granting summary judgment (that they were derivative of the divorce action and res judicata) is not correct as to Barbara's claims. There-

fore, summary judgment should not have been granted with regard to the claim of malicious prosecution based on the change of custody motion.

[¶ 35.] Barbara cannot establish a claim for malicious prosecution based on the present action until there is a "bona fide termination" of the suit in her favor. Therefore, at the time Barbara brought her malicious prosecution claim based on the present action, her claim was legally insufficient. Although its reasoning was erroneous, the court did not err in granting summary judgment on Barbara's claim for malicious prosecution based on the present case. *Sommervold v. Grevlos*, 518 N.W.2d 733, 740 (S.D.1994) (noting, "A trial court may still be upheld if it reached the right result for the wrong reason.") (additional citation omitted).

[¶ 36.] The summary judgments in favor of Barbara are affirmed. The summary judgment in favor of Richard on Barbara's malicious prosecution claim with regard to the present case is affirmed. The remaining summary judgments in favor of Richard are reversed and remanded for further proceedings.

[¶ 37.] **4. Attorney's Fees.**

[¶ 38.] Barbara brought a motion requesting appellate attorney fees of $5,274.82 pursuant to SDCL 15–17–51. SDCL 15–17–51 provides:

If a civil action or special proceeding is dismissed and if the court determines that it was frivolous or brought for malicious purposes, the court shall order the party whose cause of action or defense was dismissed to pay part or all expenses incurred by the person defending the matter, including reasonable attorneys' fees.

For the reasons set forth in the opinion, we conclude that Richard's actions for abuse of process, barratry, unlawful evic-

tion and punitive damages are frivolous and we award Barbara attorney fees of $3,000.

[¶ 39.] GILBERTSON, Chief Justice, and, KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.