#24889-a-PER CURIAM
**2009 SD 3**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

PIONEER BANK & TRUST,
SPECIAL ADMINISTRATOR OF THE
ESTATE OF ELEANOR YOUMAN SIGLOH,　　　Plaintiff and Appellee,

　　　v.

DAWN REYNICK a/k/a DAWN ROWE,　　　Defendant and Appellant,

　　　and

DORCAS CAMERON, GERALD CAMERON,
DAWN REYNICK a/k/a DAWN ROWE, TROY
CAMERON, TODD REYNICK CAMERON,　　　Defendants.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
JACKSON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE LORI S. WILBUR

Judge

\* \* \* \*

KAREN PAIGE HUNT
THOMAS E. BRADY of
Brady Pluimer, PC　　　　　　　　　Attorneys for plaintiff
Spearfish, South Dakota　　　　　　　and appellee.


PATRICK M. GINSBACH of
Farrell, Farrell & Ginsbach, PC　　　Attorneys for defendant
Hot Springs, South Dakota　　　　　　and appellant.

\* \* \* \*

CONSIDERED ON BRIEFS
ON NOVEMBER 3, 2008

OPINION FILED 1/14/09

#24889

PER CURIAM

[¶1.]     Dawn Reynick, also known as Dawn Rowe (Rowe), appeals an order sanctioning her and her attorney, Patrick Ginsbach (Ginsbach), in the amount of $4,920.61 payable to Pioneer Bank and Trust (Bank).  We affirm.

FACTS

[¶2.]     Rowe's mother, Dorcas Cameron (Dorcas), and Dorcas's husband, Gerald Cameron (Gerald), who was Rowe's stepfather, exercised a power of attorney for a period of time on behalf of Dorcas's aunt, Eleanor Youman Sigloh (Sigloh). Upon Sigloh's death, Dorcas was appointed her personal representative.  While occupying these positions of trust, Dorcas engaged in self-dealing by obtaining funds from Sigloh and her estate in the approximate amount of $324,353.85.  Some of the funds were spent while the balance was deposited or invested in accounts held by Dorcas, Gerald or Dorcas's other daughter, Laurie Robertson (Laurie).

[¶3.]     In late 2006, Bank, as special administrator of Sigloh's estate, commenced an action against Dorcas, Gerald, Laurie and two other individuals who once exercised a power of attorney on Sigloh's behalf.  The complaint raised causes of action for breach of fiduciary duty and fraud and sought an accounting and damages.

[¶4.]     Following Bank's commencement of its action, discovery ensued.  A series of partial summary judgments were then entered against the various defendants in the case.  A partial summary judgment in the amount of $454,626.08 was entered against Dorcas in April 2007.

[¶5.]     During the discovery process, information was discovered suggesting that Dorcas had not only transferred funds obtained from Sigloh and her estate to

Gerald and Laurie, but also to several of her other children, including Rowe. Thus, in July 2007, Bank moved to amend its complaint to join Rowe and three of her siblings as defendants in the action previously commenced against Dorcas and the other original defendants. An order granting the motion was entered on August 16, 2007. On September 26, 2007, Rowe filed an answer in the action and a counterclaim against Bank for barratry. Rowe alleged that Bank's action was frivolous, malicious and brought for an improper and unjustifiable motive.

[¶6.] On November 8, 2007, the circuit court entered a partial summary judgment against Laurie in the amount of $23,601.28 on a theory of implied trust. In December 2007, Bank moved for sanctions against Rowe and her attorney, Ginsbach, alleging that Rowe's counterclaim for barratry was unwarranted and interposed for improper purposes. On February 13, 2008, Bank filed a motion for summary judgment on Rowe's counterclaim. An order granting the motion was entered on March 26, 2008. The order also imposed sanctions on Rowe and her attorney, Ginsbach, in the amount of $4,920.61. A judgment for the sanctions was entered on April 9, 2008. Rowe appeals.

ISSUE ONE

[¶7.] **Whether the circuit court erred in failing to enter findings of fact and conclusions of law?**

[¶8.] The circuit court did not enter findings of fact and conclusions of law in support of its order or judgment imposing sanctions. Rowe argues this requires reversal of the award.

[¶9.] SDCL 15-6-11(c) once required a court awarding sanctions to enter findings of fact and conclusion of law in support of the award. *See* SDCL 15-6-

11(c)(2004). This express requirement was omitted when this Court amended SDCL 15-6-11(c) by rule in 2006. *See* 2006 SDSessL ch 281 (Supreme Court Rule 06-07). Currently, the only explicit requirement that a rationale be set forth for an award of sanctions appears in SDCL 15-6-11(c)(3): "Order. When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." This language is essentially analogous to Federal Rule of Civil Procedure 11(c)(6): "An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." Rule 11(c)(6) has been analyzed as follows:

> If sanctions are deemed appropriate, the 1993 amendment requires that the district court "describe the conduct determined to constitute a violation" of Rule 11 and "explain the basis for the sanction imposed." Thus, as the illustrative cases cited in the note below make clear, *the district judge should indicate fairly precisely what conduct has been found to be improper and under which provision of law the sanctions are being awarded by the court. In addition, and particularly when a substantial amount of money is involved, the district judge should state with some specificity the manner by which the sanction has been computed.* These requirements are designed to promote the rational exercise of trial court discretion in the utilization of Rule 11 and to facilitate effective appellate review. Some federal courts, however, have been less specific when the sanction has been based on the general conduct of the litigation by the lawyer who is being sanctioned.

5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1337.3 (2008)(emphasis added).

[¶10.]       Here, the court's order granting sanctions provided:

> Furthermore, the Court, having determined that the evidence and law supports the claim against Rowe, in that evidence showed Rowe received funds unlawfully removed

-3-

> from the Estate of Eleanor Youman Sigloh by Dorcas Cameron and Gerald Cameron, the Court granted summary judgment against Rowe's sibling Laurie Robertson who had received funds unlawfully removed from the Estate of Eleanor Youman Sigloh by Dorcas Cameron and Gerald Cameron and the Court authorized joining Rowe as a defendant in the action and that the claim against Rowe was not frivolous or malicious or filed in bad faith; and the Court, having determined that the counterclaim of barratry was asserted without reasonable inquiry into whether the counterclaim was warranted by existing law, without argument for the extension, modification or reversal [of] existing law and without evidentiary support; and the Court having determined that Rowe and her attorney Patrick Ginsbach should be sanctioned for violating SDCL 15-6-11(c), it is hereby
>
> ORDERED that the motion for Sanctions Pursuant to SDCL 15-6-11(c) on Counterclaim of Barratry shall be and the same is GRANTED; and it is further
>
> ORDERED that Defendant Rowe and her attorney Patrick Ginsbach shall pay, as sanctions, the amount of $4,920.61, as the expenses incurred by Plaintiff in attorney's fees and expenses of responding to and defending the barratry counterclaim, and Rowe and her attorney Patrick Ginsbach shall be jointly and severally liable for the sanctions . . ..

[¶11.] These passages from the court's order fulfill the requirement that the court indicate with fair precision the conduct found improper and the provisions of law under which sanctions are being awarded. *See Wright and Miller* at § 1337.3. They further fulfill the requirement that the court state with specificity the manner by which sanctions have been computed. *Id.* Thus, the absence of formal findings of fact and conclusions of law on these issues does not require reversal of the sanctions award. *See* Foval v. First Nat. Bank of Commerce in New Orleans, 841 F2d 126, 130 (5thCir 1988)(district court need not support its Rule 11 decision with specific findings of fact and conclusions of law if justification underlying the decision

is readily apparent from the record); Nat'l Bank of Arkansas in N. Little Rock v. Parks, 970 F2d 480, 483 (8thCir 1992)(court need not make detailed factual findings and legal conclusions in making a Rule 11 determination if its findings and conclusions, as well as the record, are adequate to give the appellate court a clear understanding of the grounds for the court's decision).

ISSUE TWO

[¶12.] **Whether the circuit court abused its discretion in awarding Bank sanctions?**

[¶13.] Appeals involving sanctions under Rule 11 (SDCL 15-6-11) are reviewed under the abuse of discretion standard of review. Hahne v. Burr, 2005 SD 108, ¶ 22, 705 NW2d 867, 874. An abuse of discretion is a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence. *Id.*

[¶14.] Rowe argues there was no evidence to support Bank's claim against her and, therefore, its cause of action was frivolous and malicious. Rowe contends that because Bank's action was frivolous and malicious, her counterclaim for barratry was warranted. Accordingly, she argues that the circuit court abused its discretion in awarding Bank sanctions for her counterclaim.

[¶15.] Barratry is defined by SDCL 20-9-6.1 which provides in pertinent part: "Barratry is the assertion of a *frivolous* or *malicious* claim or defense or the filing of any document with malice or in bad faith by a party in a civil action." (Emphasis added). Thus, "[c]ivil barratry exists when a party brings a frivolous or malicious claim." Citibank (S.D.), N.A. v. Hauff, 2003 SD 99, ¶ 30, 668 NW2d 528, 537.

> "A frivolous action exists when 'the proponent can present no rational argument based on the evidence or law in support of the claim'. . . . To fall to the level of

frivolousness there must be such a deficiency in fact or law that no reasonable person could expect a favorable judicial ruling. . . . [F]rivolousness 'connotes an improper motive or [a] legal position so wholly without merit as to be ridiculous.'"

A malicious action is one brought for an improper, unjustifiable motive.

> "[A]n action is malicious if it 'is begun in malice, and without probable cause to believe it can succeed, and which finally ends in failure.'" . . . Malice "exists when the proceedings are instituted primarily for an improper purpose." An improper purpose occurs in situations where:
>
>> the plaintiff in the original action was actuated by any unjustifiable motive, as where he did not believe his claim would be held valid, or where his primary motive was hostility or ill will, or where his sole purpose was to deprive the defendant of a beneficial use of his property or to force a settlement having no relation to the merits of the claim.

*Id.*, ¶¶ 31 – 32, 668 NW2d at 537 (citations omitted).

[¶16.]      In determining whether the claim at issue in *Citibank* was frivolous or malicious so as to constitute barratry, this Court concluded:

> Although we hold today that [plaintiff] did not have a legal claim against [defendant], [plaintiff's] action was not frivolous or malicious. [Plaintiff] raised rational arguments based on the evidence and law in support of its claim. The discovery and briefing also reflect that the claim did not lack merit to the extent that no reasonable person could expect a favorable judicial ruling or that it was so wholly without merit as to be ridiculous. We finally see no evidence to support the notion that [plaintiff] had an improper motive when it commenced its collection action against [defendant].

*Citibank,* 2003 SD 99, ¶ 33, 668 NW2d at 537.

[¶17.]     Applying a similar analysis here, even if Bank did not have a legal claim against Rowe, Bank's action was not frivolous or malicious. Bank first introduced its claim against Rowe in a motion to amend its complaint and join parties in July 2007. In its amended complaint, Bank alleged that funds wrongfully received by Dorcas were distributed to Rowe and some of her siblings and that Sigloh's estate was entitled to recover them. Dorcas, who had already been held liable for her actions, resisted the amendment of the complaint and joinder of Rowe and her siblings as parties, but admitted giving Rowe some money. The court subsequently granted the amendment of the complaint and joinder of Rowe and her siblings in an order entered in August 2007. The court thereby determined that Rowe was a necessary party to the action. *See* SDCL 15-6-19(a)(persons who must be joined as parties in an action).

[¶18.]     After Rowe filed her answer and counterclaim for barratry, Bank exchanged a series of letters with Rowe's counsel setting forth the legal and evidentiary basis for its claim against Rowe and advising that it would seek sanctions for Rowe's counterclaim if it was not withdrawn. Bank further explained the basis for its claim in answers to interrogatories from Rowe and in its response to Rowe's request for the production of documents. Specifically, Bank referenced statements Dorcas and her husband provided under oath in depositions and answers to interrogatories indicating that they had given significant amounts of cash to their children, including Rowe, from funds obtained from Sigloh and her

estate. Bank also referred to Dorcas's bank records showing checks written to Rowe and large withdrawals of cash during the relevant time period.

[¶19.] Whether Bank could ultimately prevail on its claim against Rowe should not have been a consideration for Rowe or her counsel in assessing whether the claim was barratrous. *See* Ridley v. Lawrence County Comm'n, 2000 SD 143, ¶ 14, 619 NW2d 254, 259 ("[s]imply because a claim or defense is adjudged to be without merit does not mean that it is frivolous."). Rather, the existence of Bank's "rational arguments based on the evidence and law in support of its claim" should have informed Rowe and her counsel that the claim was not frivolous or malicious within the meaning of barratry. *See Citibank*, 2003 SD 99, ¶ 33, 668 NW2d at 537. Moreover, Bank actually succeeded on similar arguments in obtaining its summary judgment against Rowe's sister, Laurie. Thus, it should have been apparent to Rowe and her counsel that Bank's claim was neither so lacking in merit "that no reasonable person could expect a favorable judicial ruling" nor "so wholly without merit as to be ridiculous." *Id*. Nothing should have made this more apparent than the circuit court's granting of Bank's motion to join Rowe as a defendant in the action. It would have been incongruous for the court to order on the one hand that Rowe should be joined as a necessary party defendant to Bank's action while holding on the other hand that Bank's claim against Rowe was so wholly without merit as to be ridiculous.

[¶20.] Finally, in addition to the foregoing, it should be noted that, as in *Citibank*, there is no evidence in the record of this case to support the notion that Bank had an improper motive in commencing its action against Rowe and, therefore

acted with malice. Thus, there was simply no basis for Rowe to mount a claim of barratry against Bank and the circuit court did not abuse its discretion in sanctioning Rowe for raising it.

## APPELLATE ATTORNEY'S FEES

[¶21.] Bank moves for an award of its appellate attorney's fees. The motion is accompanied by a "verified, itemized statement of legal services rendered" as required by SDCL 15-26A-87.3.

[¶22.] Attorney's fees are allowed when statutory authority authorizes the award. *In re* Conservatorship of Irwin, 2007 SD 41, ¶ 25, 732 NW2d 411, 417. SDCL 15-6-11(e) authorizes the award here:

> The Supreme Court shall consider all appeals pursuant to
> §§ 15-6-11(a) through 15-6-11(d) without any presumption
> of the correctness of the trial court's findings of fact and
> conclusions of law. Reasonable attorneys' fees and costs
> shall be awarded to the successful party on appeal.

Accordingly, Bank is granted its appellate attorney's fees in the amount of $3,770.44.

[¶23.] Affirmed.

[¶24.] GILBERTSON, Chief Justice, KONENKAMP, ZINTER and MEIERHENRY, Justices, and SABERS, Retired Justice, participating.