#24885, 25081-a-PER CURIAM

**2009 SD 101**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STEVEN HOBART,                         Petitioner and Appellee,

    v.

GEORGE FEREBEE,                        Respondent and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE A. P. FULLER
Judge

* * * *

LINDA LEA M. VIKEN
Viken Law Firm                         Attorneys for petitioner
Rapid City, South Dakota               and appellee.

TIMOTHY R. JOHNS
Johns & Kosel, Prof. LLC               Attorneys for respondent
Lead, South Dakota                     and appellant.

* * * *

CONSIDERED ON BRIEFS
AUGUST 24, 2009

OPINION FILED 11/24/09

PER CURIAM

[¶1.]        George Ferebee appeals three orders awarding Steven Hobart attorney's fees totaling $12,445.91 incurred in responding to a series of motions brought by Ferebee in a protection order case.  The appeals have been consolidated for purposes of briefing and a decision by this Court.[1]  We affirm.

## FACTS

### Background

[¶2.]        These appeals arise out of a long-standing feud between rural Pennington County neighbors George Ferebee (Ferebee) and Steven Hobart (Hobart).  The two men have had a series of serious disputes for well over two decades.  During that time, they have exchanged numerous accusations and complaints about insolent, devious, destructive, and even assaultive behavior.  For example, Hobart once accused Ferebee of making death threats against his family.  Ferebee reported on another occasion that Hobart's son tried to hit him with an automobile.  Ultimately, Hobart and Ferebee obtained protection orders against each other and, later, extensions of those orders.  In 2003, Hobart obtained a new protection order against Ferebee which Ferebee appealed to this Court.  Ferebee obtained a reversal of some of the provisions of that order in this Court's decision in *Hobart v. Ferebee*, 2004 SD 138, 692 NW2d 509.

[¶3.]        Following the 2004 *Hobart* decision, Ferebee began a campaign of litigation against Hobart by filing numerous motions for reconsideration, modification, or clarification of various aspects of the protection orders in place

---

1.        This is also a companion case to Ferebee v. Hobart, 2009 SD 102, ___ NW2d ___.

between the two men. As soon as the trial court would decide one motion and resolve one matter, Ferebee would immediately follow it up with a new motion and an allegedly new issue for consideration. In reality, Ferebee simply recycled many of his prior arguments and attempted to relitigate matters previously decided. Nevertheless, these tactics generated extensive paperwork and a number of trial court hearings. Thus, a relatively straightforward protection order case grew into a five volume court file. While Ferebee did receive some assistance and advice from counsel in his litigation, most of his work was pro se while Hobart retained counsel and incurred extensive attorney's fees.

### Ferebee's Motion to Dismiss Hobart's Protection Order

[¶4.] Against the above backdrop, on September 10, 2007, Ferebee filed a motion to dimiss a protection order granted to Hobart, claiming that the order had expired. Hobart resisted on res judicata grounds, alleging that the duration of the protection order was fixed in a previous order appealed to this Court, that the duration of the order was an issue in the appeal, and that this Court summarily affirmed the order. A hearing was held on Ferebee's motion to dismiss on September 28, 2007, and the trial court denied the motion, agreeing with Hobart's position. During the hearing, Hobart's counsel announced her intention to seek attorney's fees from Ferebee. Counsel subsequently served a written motion for attorney's fees in the amount of $1,445.18 which the trial court granted without a hearing. Ferebee appealed the award of attorney's fees to this Court claiming that the trial court erred in granting the fees without a hearing. This Court agreed and entered an order of reversal (without an opinion) on May 27, 2008. As part of its

order, this Court remanded the matter of attorney's fees to the trial court for a hearing and the entry of findings of fact and conclusions of law necessary to support an award of attorney's fees.

**Ferebee's Motion for Rule 11 Corrections or Sanctions**

[¶5.]    While the foregoing appeal of the original attorney's fee award was pending before this Court, Ferebee filed a pro se motion with the trial court captioned, "Motion for Rule 11 Corrections or if Needed Rule 11 Sanctions for Motion for Attorney's Fees."  In his motion, Ferebee sought Rule 11 sanctions[2] against Hobart claiming that Hobart's original motion for attorney's fees failed to comport with the law.  Hobart resisted, arguing that the trial court had no jurisdiction to hear a motion relating to the original attorney's fee award because of Ferebee's pending appeal of the issue before this Court.  A hearing was held on Ferebee's motion on February 13, 2008.  After the hearing, the trial court denied Ferebee's motion for Rule 11 sanctions and granted Hobart attorney's fees of $688.50.  Ferebee appealed the judgment and order denying Rule 11 sanctions and granting Hobart attorney's fees to this Court on May 5, 2008.

[¶6.]    After entry of this Court's order of May 27, 2008, reversing and remanding the original attorney's fee award, Hobart filed a motion for limited remand of Ferebee's appeal of the judgment and order denying Rule 11 sanctions and granting Hobart attorney's fees.  Hobart asserted that no hearing was held on

---

2.    The South Dakota counterpart to Federal Rule of Civil Procedure 11 governing sanctions appears at SDCL 15-6-11 and within its subdivisions.

the attorney's fees and that this Court's order of remand of the original attorney's fee award meant that a hearing should also have been held as to attorney's fees on the Rule 11 motion. Hobart sought the limited remand for purposes of holding a hearing and the entry of findings of fact and conclusions of law to support his award of attorney's fees. Although this Court initially denied the limited remand, it subsequently reconsidered and granted the motion on July 9, 2008.

### Ferebee's Motion for Determinations and Rationale Thereof

[¶7.] On May 9, 2008, while both of the above matters were still pending before this Court, Ferebee served yet a third pro se motion captioned "Motion for Determinations and Rationale Thereof." By this motion, Ferebee requested that the trial court provide the rationale for its earlier judgment and order denying him Rule 11 sanctions and granting Hobart attorney's fees. Hobart resisted the motion, sought its dismissal, and further sought an award of attorney's fees under Rule 11. A hearing was held on Ferebee's motion on May 27, 2008, and the trial court orally denied and dismissed it and awarded Hobart attorney's fees of $446.20. However, after learning of this Court's order of May 27 reversing and remanding the original attorney's fee award to Hobart, the trial court entered an order granting a separate hearing on the issue of attorney's fees related to Ferebee's "Motion for Determinations and Rationale Thereof."

### Consolidated Hearing on Attorney's Fees

[¶8.] On July 23, 2008, the trial court scheduled a consolidated hearing on *all* of the outstanding attorney's fee issues between Hobart and Ferebee that had been remanded by this Court to the trial court or that remained pending before the

-4-

trial court. Accordingly, the hearing, held on August 26, 2008, considered attorney's fees related to: Ferebee's original motion to dismiss Hobart's protection order; Ferebee's motion for Rule 11 corrections or sanctions; and, Ferebee's motion for determinations and rationale thereof.

## Trial Court's Decision and Appeal

[¶9.] Following the consolidated hearing on attorney's fees, the trial court entered separate findings of fact, conclusions of law and judgments and orders awarding Hobart a total of $12,445.91 in attorney's fees incurred in responding to Ferebee's three motions. Ferebee appealed these judgments and orders in a notice of appeal filed December 10, 2008. The appeals have been consolidated for purposes of briefing and a decision by this Court.[3]

## STANDARDS OF REVIEW

[¶10.] Under SDCL 15-6-11(e), appeals pursuant to SDCL 15-6-11(a) through 15-6-11(d) are considered "without any presumption of the correctness of the trial court's findings of fact and conclusions of law." Rather, an award of sanctions under these provisions is reviewed for abuse of discretion. Pioneer Bank & Trust v. Reynick, 2009 SD 3, ¶ 13, 760 NW2d 139, 143 (citing Hahne v. Burr, 2005 SD 108, ¶ 22, 705 NW2d 867, 874). An award of attorney's fees is also reviewed under the abuse of discretion standard. Parsley v. Parsley, 2007 SD 58, ¶ 15, 734 NW2d 813, 817 – 18. "An abuse of discretion is a discretion exercised to an end or purpose not

---

3. On January 20, 2009, the trial court entered a series of amended judgments and orders granting attorney's fees in order to correct clerical errors in the original findings of fact and conclusions of law and judgments and orders awarding attorney's fees. However, the total amount of attorney's fees awarded was unchanged from the original judgments and orders.

justified by, and clearly against, reason and evidence." *Pioneer Bank & Trust*, 2009

SD 3, ¶ 13, 760 NW2d at 143 (citing *Hahne*, 2005 SD 108, ¶ 22, 705 NW2d at 874).

## ISSUE ONE

[¶11.] **Whether the trial court abused its discretion in granting Hobart attorney's fees incurred in responding to Ferebee's motion for determinations and rationale thereof.**

[¶12.] Ferebee argues that the trial court abused its discretion in granting

Hobart attorney's fees incurred in responding to Ferebee's motion for

determinations and rationale thereof because Hobart failed to file a motion for

attorney's fees in compliance with the "safe harbor provisions" of SDCL 15-6-

11(c)(1)(A).

[¶13.] SDCL 15-6-11(c)(1)(A) provides in pertinent part:

> A motion for sanctions under this rule shall be made
> separately from other motions or requests and shall
> describe the specific conduct alleged to violate § 15-6-
> 11(b). It shall be served as provided in § 15-6-5, but shall
> not be filed with or presented to the court unless, within
> 21 days after service of the motion (or such other period
> as the court may prescribe), the challenged paper, claim,
> defense, contention, allegation, or denial is not withdrawn
> or appropriately corrected. If warranted, the court may
> award to the party prevailing on the motion the
> reasonable expenses and attorney's fees incurred in
> presenting or opposing the motion. Absent exceptional
> circumstances, a law firm shall be held jointly responsible
> for violations committed by its partners, associates, and
> employees.

[¶14.] This rule is analogous to the "safe harbor provision" of Federal Rule of

Civil Procedure 11 (Rule 11). The safe harbor provision is designed to: protect

litigants from sanctions in order to mitigate Rule 11's chilling effect; formalize due

process protections including notice; and, encourage the withdrawal of papers that

violate the rule so as to avoid sanction proceedings and streamline the litigation process. 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1337.2 (3rd ed 2004).

> Since the procedural requirements of the Rule 11 safe harbor provision are designed to protect the person against whom sanctions are sought and forestall unnecessary motion practice, a *failure to comply with them will result in the rejection of the motion for sanctions* as many cases since the 1993 amendment have stated or held.

*Id*. (emphasis added).

[¶15.] Despite the support this passage might offer for Ferebee's argument, he ignores that *he*, *not Hobart*, was the moving party on the issue of sanctions in the "Motion for Determinations and Rationale Thereof." This motion was nothing more than a request for the trial court to provide a rationale in support of its earlier denial of Ferebee's motion for Rule 11 sanctions.[4] As such, it was simply a supplemental motion in the proceedings related to Ferebee's earlier motion for sanctions. On both motions, Hobart was the party *opposing*, not seeking, sanctions. In fact, Hobart filed documents captioned "*Response* to Motion for Rule 11 Corrections or if Needed Rule 11 Sanctions for Motion for Attorneys Fees" and "*Response* to Motion for Determinations and Rationale Thereof." (Emphasis added). Clearly, by this terminology, Hobart was the party opposing sanctions. Moreover, Hobart prevailed in his opposition.

---

4. Ferebee's motion for Rule 11 sanctions was the motion fully captioned, "Motion for Rule 11 Corrections or if Needed Rule 11 Sanctions for Motion for Attorney's Fees."

[¶16.]    SDCL 15-6-11(c)(1)(A) provides in pertinent part that, "If warranted, the court may award to the party prevailing on the motion [for sanctions] the reasonable expenses and attorney's fees incurred in presenting *or opposing* the motion." (Emphasis added). Nothing in the rule requires a prevailing party who opposed sanctions to file his or her own motion for sanctions in order to receive attorney's fees. To the contrary, the Advisory Committee Notes on the federal counterpart to the rule dispel that notion, stating in pertinent part:

> [T]he filing of a motion for sanctions is itself subject to the requirements of [Rule 11] and can lead to sanctions. However, service of a cross motion under Rule 11 should rarely be needed since under the revision the court may award to the person who prevails on a motion under Rule 11--whether the movant or the target of the motion-- reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion.

FedRCivP 11 (Advisory Committee Notes, 1993 Amendments, Subdivisions (b) and (c)). *See also* 2 James Wm. Moore, *Moore's Federal Practice* § 11.22[1][f] (3rd ed 2009)(stating that the provision allowing the court to award attorney's fees to the party prevailing on a Rule 11 motion "eliminates the need for cross-motions under Rule 11.").

[¶17.]    The Advisory Committee Notes precisely address the situation that occurred here. Ferebee filed a motion for sanctions and a supplemental motion on sanctions subject to the requirements of Rule 11. There was no need for Hobart to serve cross motions under Rule 11 in order to receive attorney's fees if he prevailed on Ferebee's motions because the rule already permitted such an award. Accordingly, the trial court did not abuse its discretion in granting Hobart

attorney's fees incurred in responding to Ferebee's motions including the motion for determinations and rationale thereof.

[¶18.]        At the close of his brief on this issue, Ferebee raises an additional argument concerning the denial of his motion for Rule 11 corrections or sanctions. He contends that the trial court erred on substantive grounds in denying this motion because it was neither frivolous nor malicious but was directed to Hobart's failure to follow proper procedures in obtaining attorney's fees on Ferebee's motion to dismiss Hobart's protection order. However, Ferebee ignores significant procedural facts.

[¶19.]        At the time Ferebee served his motion for Rule 11 corrections or sanctions in January 2008, he had already appealed the original award of attorney's fees to this Court. Thus, any issues Ferebee had over procedures followed by Hobart in obtaining those attorney's fees should have been raised on appeal, not in a new motion for sanctions brought before the trial court. In fact, at that juncture, the trial court had lost jurisdiction over issues related to the original attorney's fee award as Hobart so argued and as the trial court so found. *See* Muenster v. Muenster, 2009 SD 23, ¶ 32, 764 NW2d 712, 721 (citing Reaser v. Reaser, 2004 SD 116, ¶ 28, 688 NW2d 429, 437 in stating that an appeal from a judgment or order strips the trial court's jurisdiction over the subject matter of the judgment or order and restrains the trial court from entering an order changing or modifying the judgment on appeal or interfering with review of the judgment). This, in conjunction with Ferebee's history of meritless motions and procedural maneuvers, provided ample support for the trial court's determination that Ferebee's

subsequent motion for Rule 11 corrections or sanctions was frivolous and malicious and should be denied.

## ISSUE TWO

[¶20.]    **Whether the trial court abused its discretion in holding that Hobart was entitled to attorney's fees under SDCL 15-17-51.**

[¶21.]    SDCL 15-17-51 allows an award of attorney's fees to the prevailing party if an action or proceeding is dismissed and the court determines that it was frivolous or brought for malicious purposes.  Ferebee argues that the trial court abused its discretion in awarding Hobart attorney's fees under SDCL 15-17-51 because the requirements of the statute were not met.

[¶22.]    Ferebee contends that the trial court awarded attorney's fees under SDCL 15-17-51 in each of the judgments and orders at issue.  While this is correct, the only attorney's fees awarded to Hobart *exclusively* under SDCL 15-17-51 were the original fees related to Ferebee's motion to dismiss Hobart's protection order. The attorney's fees related to Ferebee's motion for Rule 11 corrections or sanctions and motion for determinations and rationale thereof were awarded under *both* SDCL 15-17-51 *and* SDCL 15-6-11 (Rule 11).  As discussed under Issue One, Hobart was entitled to attorney's fees under Rule 11 on Ferebee's motion for Rule 11 corrections or sanctions and on his motion for determinations and rationale thereof as the prevailing party on sanctions.  SDCL 15-6-11(c)(1)(A).  Thus, even if the trial court did err in awarding Hobart attorney's fees on these motions under SDCL 15-17-51, there was no abuse of discretion because SDCL 15-6-11(c)(1)(A) still supports the awards.  *See* Flugge v. Flugge, 2004 SD 76, ¶ 35, 681 NW2d 837, 846

(citing Sommervold v. Grevlos, 518 NW2d 733, 740 (SD 1994) in noting that a trial court may still be upheld if it reached the right result for the wrong reason).

[¶23.]     As mentioned, the only attorney's fees the trial court awarded *exclusively* on the basis of SDCL 15-17-51 were those related to Ferebee's original motion to dismiss Hobart's protection order.  SDCL 15-17-51 provides:

> If a civil action or special proceeding is *dismissed* and if the court determines that it was frivolous or brought for malicious purposes, the court shall order the party whose cause of action or defense was dismissed to pay part or all expenses incurred by the person defending the matter, including reasonable attorney's fees.

(Emphasis added).  Ferebee focuses on the word "dismissed" in this statute and argues that, because his motion to dismiss Hobart's protection order was "denied" and not "dismissed," Hobart was not eligible for attorney's fees under the statute.

[¶24.]     In analyzing the precursor to SDCL 15-17-51 in *First Nat. Bank of Minneapolis v. Kehn Ranch, Inc.*, 394 NW2d 709, 716 – 17 (SD 1986), this Court observed that it created "a new and greater liability for attorney's fees and costs when a frivolous case is dismissed . . .."  In *Flugge*, 2004 SD 76, ¶ 38, 681 NW2d at 846 – 47, we relied on SDCL 15-17-51 in awarding $3,000 in appellate attorney's fees to the appellee.  While there was not a dismissal of a claim in that case but an appeal from a summary judgment, we nevertheless awarded attorney's fees on the basis that the appellant's actions were frivolous.  Thus, we have not previously adhered to a narrow construction of the word "dismissed" in SDCL 15-17-51 in awarding attorney's fees under the statute.

[¶25.]     The trial court followed a similar view of SDCL 15-17-51 in this case, holding that the denial of Ferebee's motion to dismiss Hobart's protection order was

equivalent to a dismissal because, under either disposition, Ferebee would not prevail on his claim. Moreover, the trial court denied Ferebee's motion to dismiss on res judicata grounds. Res judicata has often served as the basis for a motion to dismiss a claim. *See e.g.*, Glover v. Krambeck, 2007 SD 11, ¶ 7, 727 NW2d 801, 803; People *ex rel.* L.S., 2006 SD 76, ¶ 13, 721 NW2d 83, 88; Dakota, Minnesota & Eastern Railroad Corp. v. Acuity, 2006 SD 72, ¶ 6, 720 NW2d 655, 658. Thus, Hobart might have sought a dismissal rather than a denial of Ferebee's motion and the trial court could have as easily dismissed it as denied it. Ferebee's liability for attorney's fees for his frivolous claim should not rest on Hobart's choice of terminology and, thereby, elevate form over substance.

[¶26.] Ferebee also argues that, based upon the plain language of SDCL 15-17-51, Hobart's entire civil action for a protection order had to be dismissed in order for a party to be eligible for attorney's fees under the statute. Ferebee ignores other relevant language in the statute. SDCL 15-17-51 also permits an award of attorney's fees when a "special proceeding" is dismissed. A "special proceeding" is "[a] proceeding that can be commenced independently of a pending action and from which a final order may be appealed immediately." Black's Law Dictionary 1242 (8th ed 2004). Immediate appeal is allowed from an order denying relief from a protection order. *See* Sjomeling v. Stuber, 2000 SD 103, ¶ 1, 615 NW2d 613, 614. Thus, Ferebee's motion to dismiss Hobart's protection order was a "special proceeding" in which a party could be awarded attorney's fees for a dismissal pursuant to SDCL 15-17-51.

[¶27.] Finally, under this issue, Ferebee argues that none of his motions were frivolous or malicious and, therefore, they did not warrant attorney's fee awards under SDCL 15-17-51 or SDCL 15-6-11. However, as previously discussed, attorney's fees were awarded to Hobart on two of Ferebee's motions on the basis that Hobart was the prevailing party in opposing Ferebee's request for sanctions. No determination of frivolousness or maliciousness was necessary as a predicate for these awards. *See* SDCL 15-6-11(c)(1)(A)(stating that the court may award a party prevailing on a motion for sanctions the reasonable expenses and attorney's fees incurred in presenting *or opposing* the motion).[5]

[¶28.] A determination of frivolousness or maliciousness *was* necessary for the award of attorney's fees on Ferebee's original motion to dismiss Hobart's protection order. SDCL 15-17-51. The trial court entered detailed findings and conclusions in this regard stating that Ferebee had asked the court to clarify the expiration date of Hobart's protection order in 2005, that the court had issued a decision on the matter that same year, that Ferebee appealed that decision to this Court, and that this Court affirmed the trial court's decision in 2006. The court further found that Ferebee brought his motion to dismiss Hobart's protection order in 2007 based upon the very same issues previously litigated and lost in his motion to clarify the expiration date of the protection order. In addition, the court found that Ferebee's motion to dismiss was "just one in a long line of frivolous and

---

5. Ferebee's argument in this regard convolutes the distinction between an award of attorney's fees as a sanction under Rule 11 and an award of attorney's fees to a party opposing sanctions under Rule 11. Hobart was not awarded attorney's fees as a sanction, but as the prevailing party opposing sanctions. *See* SDCL 15-6-11(c)(1)(A).

unnecessary multiple motions addressing issues previously litigated," including motions filed before three different circuit court judges in the Seventh Circuit and before the U.S. District Court and Eighth Circuit Court of Appeals. Based upon these findings, the trial court further found that Ferebee had "developed a pattern of filing frivolous and harassing lawsuits and motions both in state court and federal court" and concluded that his filings and pleadings were frivolous and malicious, as well as abusive and egregious. A review of the record readily supports the court's findings which dispose of any argument by Ferebee that his original motion to dismiss Hobart's protection order was not frivolous or malicious.

### ISSUE THREE

[¶29.]    **Whether the trial court erred in denying Ferebee's motion to dismiss.**

[¶30.]    As his final issue, Ferebee argues that the trial court erred in denying his original motion to dismiss Hobart's protection order because the order was void on jurisdictional grounds that also voided all subsequent orders in the matter, including the orders for attorney's fees. Ferebee's jurisdictional argument is premised upon the effective dates of the protection orders between Ferebee and Hobart under SDCL 22-19A-11. The trial court found that these same arguments under SDCL 22-19A-11 were presented by Ferebee in his motion for clarification of the protection order in 2005 and that its decision clarifying the duration of the protection order was summarily affirmed by this Court. "Res judicata precludes relitigation of issues previously heard and resolved; it also bars prosecution of claims that could have been raised in the earlier proceeding, even though not

-14-

actually raised." Lee v. Rapid City Area School Dist., No. 51-4, 526 NW2d 738, 740 (SD 1995).

[¶31.]    In any event, the denial of Ferebee's original motion to dismiss Hobart's protection order is not properly before this Court for review. The order denying the motion to dismiss was entered on October 12, 2007. Attorney's fees related to the motion were awarded in a separate order also entered on October 12. Ferebee appealed *only* the order awarding attorney's fees, not the order denying his motion to dismiss. Moreover, this Court reversed and remanded *only* the order for attorney's fees, not the order denying the motion to dismiss. Thus, the denial of the motion to dismiss became final and unreversed on or about November 11, 2007. *See* SDCL 15-26A-6 (providing a thirty day period for taking an appeal from an order or judgment). At that point, the doctrines of res judicata, collateral estoppel and issue preclusion became applicable and now prevent relitigation of issues related to the original motion to dismiss. *See* Arcon Const. Co., Inc. v. South Dakota Dept. of Transp., 365 NW2d 866, 868 (SD 1985)(stating that the doctrines of res judicata, collateral estoppel or issue preclusion apply when there is a final unreversed judgment or decree of a court of competent jurisdiction).

## CONCLUSIONS

[¶32.]    Based upon the foregoing analysis, the trial court did not abuse its discretion in granting Hobart attorney's fees on Ferebee's motion for determinations and rationale thereof. We also find no abuse of discretion in the trial court's award of attorney's fees under SDCL 15-17-51 on Ferebee's original motion to dismiss Hobart's protection order. To whatever extent the trial court may have erred in

awarding attorney's fees to Hobart under SDCL 15-17-51 on Ferebee's motion for Rule 11 corrections or sanctions and motion for determinations and rationale thereof, we find no abuse of discretion because these awards were also supported by SDCL 15-6-11(c)(1)(A). We decline review of the merits of Ferebee's original motion to dismiss Hobart's protection order on the grounds of res judicata and that the issue is not properly before this Court.

## Appellate Attorney's Fees

[¶33.] Both parties have filed motions for appellate attorney's fees. The motions are accompanied by itemized statements of costs incurred and legal services rendered. Based upon the above conclusions, Hobart is eligible for appellate attorney's fees as the successful party on the attorney's fee appeals related to Rule 11. *See* SDCL 15-6-11(e)(stating that reasonable attorney's fees and costs *shall* be awarded to the successful party on appeal). Further, under *Flugge,* 2004 SD 76, ¶ 38, 681 NW2d at 846 – 47, Hobart is also eligible for appellate attorney's fees on the portion of the appeal related to SDCL 15-17-51. Accordingly, we grant Hobart appellate attorney's fees of $3,385.86.

[¶34.] Affirmed.

[¶35.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, MEIERHENRY, and SEVERSON, Justices, participating.