#25003-a-JKK

**2009 SD 62**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

SHAWNA M. FIECHUK,                                   Plaintiff and Appellant,

   v.

WILSON TRAILER COMPANY, INC.,                        Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
YANKTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE ARTHUR L. RUSCH
Judge

\* \* \* \*

SHAWNA M. FIECHUK
Yankton, South Dakota                                Pro se appellant.

DAVID D. KNOFF of
Kennedy, Rokahr, Pier & Knoff, LLP                   Attorneys for defendant
Yankton, South Dakota                                and appellee.

\* \* \* \*

CONSIDERED ON BRIEFS
ON APRIL 27, 2009

OPINION FILED **07/15/09**

KONENKAMP, Justice

[¶1.] An employee quit her job and filed a claim against her employer with the Department of Labor for sexual discrimination and retaliation. After an investigation, the Department found probable cause to support the employee's retaliation claim. The employee chose to bring suit in circuit court against the employer. Before the trial, the circuit court granted the employer's motion to prevent the employee from testifying about the Department's probable cause finding. During the trial, when the employer itself broached the subject of complaining to the Department, the employee sought to offer the Department's findings. The request was denied. On appeal, the employee asserts that the court abused its discretion when it denied her offer of proof. We affirm.

## Background

[¶2.] Shawna Fiechuk began working for Wilson Trailer Company in March 2002. She frequently complained to her supervisor and union representative about sexually harassing conduct by her fellow employees. On February 10, 2005, she filed a complaint for sexual harassment and retaliation against the company with the South Dakota Department of Labor. After considering Fiechuk's allegations and certain written submissions from the company, the Department found no probable cause to support her sexual harassment claim. But it did find probable cause to believe that the company violated the South Dakota Human Relations Act with respect to Fiechuk's retaliation charge. *See* SDCL ch. 20-13. The Department issued a proposed conciliation plan.

[¶3.]        Fiechuk did not appeal the Department's finding of no probable cause on her sexual harassment claim.  In regard to her retaliation claim, she brought suit against the company in circuit court in September 2006.  She alleged that the company violated SDCL 20-13-10 based on sexual harassment, retaliation, and infliction of emotional distress.  The company moved for summary judgment asserting that the court did not have jurisdiction to consider Fiechuk's sexual harassment claim because she did not appeal the Department's finding of no probable cause.  The company also requested summary disposition of Fiechuk's retaliation claim asserting that because Fiechuk did not make her complaint to the Department until February 10, 2005, any actions of the company before that date did not support retaliation.  The circuit court granted summary judgment for the company on the sexual harassment claim, holding that Fiechuk failed to exhaust her administrative remedies.  The court denied summary judgment on Fiechuk's retaliation claim, declaring that there was a genuine issue of fact on whether the actions of the company before February 10, 2005, were part of an ongoing practice or pattern of discrimination.

[¶4.]        A jury trial was held in July 2008.  Before trial, the company moved in limine to prevent Fiechuk from, among other things, "testifying to or presenting evidence related to any findings of fact and conclusions of law of the Human Rights Commission [Department] in the underlying administrative process which is the basis of this suit except for impeachment purposes."  Fiechuk resisted the motion on the ground that the administrative proceedings were relevant to show the jury the avenue she took as a result of the company's retaliation.  The court granted the

company's motion, holding that Fiechuk could not testify about administrative proceedings. But the court cautioned counsel for the company that it could not argue or imply that Fiechuk had not complied with administrative procedures for making a complaint.

[¶5.]     During Fiechuk's cross-examination, the company's attorney asked her whether she felt retaliated against in 2003, when she received a pink slip. Fiechuk answered affirmatively. In response, counsel asked Fiechuk whether she made a complaint with the Department. She replied that she went to her union. After being asked the same question again, Fiechuk said that she did not make a complaint with the Department at that time. At the conclusion of Fiechuk's cross-examination, counsel for Fiechuk made an offer of proof that because the company had inquired into whether Fiechuk filed a complaint with the Department, the questioning violated the court's in limine order and opened the door for admission of the Department's findings.

[¶6.]     Although the court was troubled with the company's line of questioning, it denied Fiechuk's offer of proof, declaring that the receipt of the Department's findings would only confuse the jury. The court also considered the fact that the company's question asked whether she complained in 2003, not in 2005. After the trial, the jury returned a verdict for the company. On appeal, Fiechuk contends that the court abused its discretion when it denied her offer of proof.

## Analysis and Decision

[¶7.]        Fiechuk argues that the circuit court misapplied the balancing test in SDCL 19-12-3 (Rule 403) when it excluded the Department's findings.  According to Fiechuk, while the evidence may have been damaging to the company, it was relevant and its probative value was not substantially outweighed by the danger of unfair prejudice.  To Fiechuk, the Department's findings would have allowed the jury to understand the "nature and seriousness of the complaints" she made and the context of the retaliatory conduct of the company.  Fiechuk also faults the court for failing to use a limiting instruction to prevent the jury from becoming confused as a result of the different standards used in administrative proceedings compared to those used in civil suits.  Finally, Fiechuk claims that the company's improper question about whether she complained to the Department in 2003 gave the company an unfair advantage, which could have caused the jury to infer that she made no contact with the Department.

[¶8.]        We review a court's decision to admit or deny evidence under the abuse of discretion standard.  Steffen v. Schwan's Sales Enter., Inc., 2006 SD 41, ¶19, 713 NW2d 614, 621 (citing Von Sternberg v. Caffee, 2005 SD 14, ¶13, 692 NW2d 549, 554 (citing In re Estate of Dokken, 2000 SD 9, ¶39, 604 NW2d 487, 498)).  Relevant evidence is generally admissible.  SDCL 19-12-2 (Rule 402).  However, relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  SDCL 19-12-3 (Rule 403).  "Trial courts are vested with wide discretion

when making evidentiary rulings." *Von Sternberg*, 2005 SD 14, ¶13, 692 NW2d at 554 (citing U.S. Bank Nat'l Ass'n v. Scott, 2003 SD 149, ¶15, 673 NW2d 646, 651). This broad discretion is also afforded to a court's balancing of the danger of unfair prejudice against probative value. *See* Wyman v. Terry Schulte Chevrolet, Inc., 1998 SD 96, ¶17, 584 NW2d 103, 106 (citing Kaarup v. Schmitz, Kalda and Assoc., 436 NW2d 845, 850 (SD 1989); State v. Grooms, 399 NW2d 358, 361 (SD 1987)).

[¶9.]     From our review of the court's decision to deny Fiechuk's offer of proof, we cannot conclude that the court abused its discretion. The Department's finding that probable cause existed for the accusation that the company retaliated against Fiechuk is not the type of finding produced by a trial-like proceeding. Rather, the Department's finding was based on Fiechuk's statements and the written statements of three persons submitted by the company. *See* SDCL 20-13-39; SDCL 20-13-32. Moreover, the Department's probable cause finding does not declare as a matter of law that the company engaged in retaliatory conduct. The Department only concluded that it was more likely than not that the company engaged in discriminatory conduct in violation of SDCL ch. 20-13. *See* SDCL 20-13-1.1.

[¶10.]     With the probable cause finding, Fiechuk had the option of either proceeding through the administrative process or bringing a civil suit against the company. *See* SDCL 20-13-35.1. Fiechuk elected to bring suit for retaliation. In the civil suit, the Department's finding of probable cause had no bearing on the success of Fiechuk's claim. She had to establish by a preponderance of the evidence all the elements of a retaliation cause of action. As the court instructed the jury, Fiechuk had to prove that (1) she engaged in a protected Title VII activity, i.e.,

made a complaint about sexual harassment, (2) she subsequently suffered an adverse employment action, and (3) there was a causal link between the employment action and engagement in the protected activity.

[¶11.]    Fiechuk testified about the many complaints she made both to her supervisor and her union representative. In addition, she testified that after she quit because of the harassment she complained to the Equal Employment Opportunity Commission (EEOC). Thus, the court's denial of her offer of proof did not prevent the jury from hearing the nature and seriousness of the company's conduct.

[¶12.]    Furthermore, while the court found problematic the question from the company about whether Fiechuk filed a complaint with the Department in 2003, the court's decision to exclude the evidence was not an abuse of discretion. The question was asked of Fiechuk in light of the company's defense that it did not engage in a practice or pattern of discriminatory conduct before the 180-day period in SDCL 20-13-31. That statute requires that the basis of any complaint be supported by conduct that occurred within the previous 180 days. *Id.* Fiechuk filed her complaint with the Department on February 10, 2005. She testified at great length about what retaliation she believed occurred in 2003, when she received a pink slip. This alleged retaliation occurred well beyond the 180-day limitation. Thus, the company challenged the claim, in part, by asking Fiechuk whether she believed the pink slip she received in 2003 was in retaliation for a complaint she made. When she responded yes to that question, the company's attorney asked

Fiechuk whether, if she believed it was retaliatory, she filed a complaint with the Department. To this, Fiechuk answered in the negative.

[¶13.] While the question did broach Fiechuk's complaint to the Department, it did not specifically inquire whether she *ever* made a complaint. Instead, it was offered in an attempt to rebut her claim that the company's conduct was a continuous pattern or practice of discrimination. In fact, Fiechuk was able to testify that she did complain to the EEOC, and the court, in denying her offer of proof, emphasized that Fiechuk was not prevented from arguing that while she did not make a complaint in 2003, she did make one in 2005.

[¶14.] Finally, we do not believe the court's failure to use a limiting instruction constituted an abuse of discretion. Fiechuk proposed no such instruction, and the court had no duty to propose one on its own. The Department's findings had no bearing on Fiechuk's civil suit, and Fiechuk was able to testify that she made a complaint to the EEOC when she quit. Unlike the basis for the Department's findings, which were not the product of a trial, the jury's verdict for the company was based on testimony from Fiechuk, her supervisor, fellow employees, union personnel, and an employee Fiechuk believed had harassed her.

[¶15.] Affirmed.

[¶16.] GILBERTSON, Chief Justice, and ZINTER, MEIERHENRY, and SEVERSON, Justices, concur.