#24918, 25130-PER CURIAM
**2009 SD 102**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *
#24918

GEORGE FEREBEE,                    Petitioner and Appellant,

    v.

STEVEN HOBART,                    Respondent and Appellee.

# 25130

GEORGE FEREBEE,                    Petitioner and Appellee.

    v.

STEVEN HOBART,                    Respondent and Appellant.

* * * *

APPEALS FROM THE CIRCUIT COURT
OF THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JOHN J. DELANEY
Judge

* * * *

TIMOTHY R. JOHNS
Johns & Kosel, Prof. LLC          Attorneys for
Lead, South Dakota                George Ferebee.

LINDA LEA M. VIKEN
Viken Law Firm                    Attorneys for
Rapid City, South Dakota          Steven Hobart.
* * * *

CONSIDERED ON BRIEFS
AUGUST 24, 2009

OPINION FILED 11/24/09

#24918, 25130

PER CURIAM

[¶1.] George Ferebee appeals a trial court judgment and order denying his petition for a protection order against Steven Hobart and granting Hobart attorney's fees. Hobart appeals that part of the judgment and order denying his motion for a permanent injunction as a sanction against Ferebee. The appeals have been consolidated for purposes of briefing and a decision by this Court.[1] We affirm.

**FACTS**

**Background**

[¶2.] This is another set of appeals arising out of a long-standing feud between rural Pennington County neighbors George Ferebee (Ferebee) and Steven Hobart (Hobart). Some of the same background is provided here as in *Hobart*, 2009 SD 101, __ NW2d __.

[¶3.] Ferebee and Hobart have had a series of serious disputes for well over two decades. During that time, they have exchanged numerous accusations and complaints about insolent, devious, destructive and even assaultive behavior. For example, Hobart once accused Ferebee of making death threats against his family. Ferebee reported on another occasion that Hobart's son tried to hit him with an automobile. Ultimately, Hobart and Ferebee obtained protection orders against each other and, later, extensions of those orders. In 2003, Hobart obtained a new protection order against Ferebee, which Ferebee appealed to this Court. Ferebee obtained a reversal of some of the provisions of that order in this Court's decision in *Hobart v. Ferebee*, 2004 SD 138, 692 NW2d 509.

---

1. This is also a companion case to Hobart v. Ferebee, 2009 SD 101, ___ NW2d ___.

[¶4.]    Following the 2004 *Hobart* decision, Ferebee began a campaign of litigation against Hobart by filing numerous motions for reconsideration, modification, or clarification of various aspects of the protection orders in place between the two men. As soon as the trial court would decide one motion and resolve one matter, Ferebee would immediately follow it up with a new motion and an allegedly new issue for consideration. In reality, Ferebee simply recycled many of his prior arguments and attempted to relitigate matters previously decided. Nevertheless, these tactics generated extensive paperwork and a number of trial court hearings. Thus, a relatively straightforward protection order case grew into a five volume court file. While Ferebee did receive some assistance and advice from counsel in his litigation, most of his work was pro se while Hobart retained counsel and incurred extensive attorney's fees.

[¶5.]    Ultimately, the trial court denied a motion by Ferebee to dismiss Hobart's protection order and awarded Hobart attorney's fees related to the motion. This generated a number of additional pro se motions by Ferebee and, eventually, his appeal of the attorney's fee award to this Court. By order, this Court reversed and remanded the award for the trial court to hold a hearing and enter findings of fact and conclusions of law to support it. This was accomplished over the same course of time that the court was ruling on a number of Ferebee's other pro se motions in the case. The final judgments and orders on these matters were appealed in *Hobart*, 2009 SD 101, __ NW2d __.

**Ferebee's Petition for a Protection Order**

[¶6.] On October 30, 2007, while the above proceedings relating to Hobart's protection order against Ferebee were still pending, Ferebee filed his own petition for a protection order against Hobart. In the ensuing litigation, Ferebee utilized the same tactics previously employed in contesting Hobart's protection order and barraged the court and opposing counsel with numerous pro se motions and requests, sometimes issuing multiple pleadings and letters on the same day. Ferebee would not accept a ruling or an answer. As soon as the trial court addressed one of his motions or concerns, Ferebee would follow it up with another motion or letter, often simply rephrasing or reformulating previous arguments. All of this paperwork required a response from opposing counsel and further attention by the court. The continuation of these tactics generated another three volume court file and more attorney's fees for Hobart.

[¶7.] A persistent point of contention in the case was Ferebee's attempt to go back to the beginning of his dispute with Hobart to establish the grounds for his protection order. Ferebee's forty-six page petition and attachments contained numerous rambling allegations of misconduct by Hobart dating back some twenty years. Most of these allegations had been the subject of previous litigation between Ferebee and Hobart as part of the prior protection order proceedings between them. Nevertheless, Ferebee persisted in efforts to relitigate these matters and to call witnesses to testify about them. The trial court refused to accede to this tactic and, on Hobart's motion, issued an order in limine limiting the scope of the testimony in the case to incidents occurring on or after July 31, 2007. Ferebee strenuously

resisted this order even up to the time of the protection order hearing. During the hearing itself, he spent considerable time continuing to contest the order in limine even in the face of repeated instructions from the trial court to proceed.

[¶8.]    Following the protection order hearing on February 8, 2008, the trial court entered findings of fact and conclusions of law denying and dismissing Ferebee's petition for a protection order and awarding Hobart attorney's fees incurred in resisting the petition. The court's findings and conclusions generated another wave of pro se filings by Ferebee including motions for sanctions and various letters and inquiries to the court.

**Hobart's Motion for an Injunction and for Dismissal of Ferebee's Petition**

[¶9.]    On April 9, 2008, Hobart filed a motion for a permanent injunction against Ferebee as a sanction to prohibit further frivolous court filings by him. While that motion was pending, the court inadvertently entered a form order dismissing Ferebee's petition for a protection order. Nothing was contained in the order regarding attorney's fees or Hobart's motion for an injunction. Because of these omissions, Hobart moved the court to set aside its order of dismissal for correction of clerical mistakes pursuant to SDCL 15-6-60(a). A hearing was held on the motion on May 12, 2008, during which the court conceded errors and omissions in its order and indicated an intention to set it aside. A further hearing on the issue was set but, before that hearing could be held Ferebee served notice of entry of the court's order of dismissal and a notice of appeal of the order to this Court. This necessitated a motion by Hobart for this Court to remand the case to the trial court for further consideration of the matters left pending by the trial court's erroneously

-4-

granted order of dismissal. This Court entered its order of remand on July 25, 2008.

## Hearing on Remand and Appeal

[¶10.]     On November 14, 2008, the trial court held its hearing on remand of the case from this Court. Issues considered included: Hobart's motion to set aside the trial court's erroneously granted order of dismissal; Hobart's motion for an injunction against Ferebee; and Hobart's motion for attorney's fees. On December 8, 2008, the trial court entered findings of fact, conclusions of law and a judgment and order: granting Hobart's motion to set aside its previous order dismissing Ferebee's petition for a protection order; denying Ferebee's petition for a protection order and dismissing his case with prejudice; denying Ferebee's motion for sanctions; granting Hobart total attorney's fees in the matter of $18,199.68; and denying Hobart's motion for a permanent injunction against Ferebee. Ferebee appeals the denial and dismissal of his petition for a protection order and the award of attorney's fees to Hobart. Hobart appeals the denial of an injunction against Ferebee.

## ISSUE ONE

[¶11.]     **Whether the trial court abused its discretion in granting Hobart's motion in limine.**

[¶12.]     Ferebee argues that the trial court erred in granting Hobart's motion in limine excluding evidence of alleged acts of harassment by Hobart occurring prior to July 31, 2007. This Court reviews a decision to admit or deny evidence under the abuse of discretion standard. Fiechuk v. Wilson Trailer Co., Inc., 2009 SD 62, ¶ 8, 769 NW2d 843, 846. This applies as well to rulings on motions in limine. *See*

Dahlin v. Holmquist, 766 P2d 239, 241 (Mont 1988); Gray v. Allen, 677 SE2d 862, 865 (NCCtApp 2009). Although relevant evidence is generally admissible, SDCL 19-12-2 (Rule 402), it may be excluded "'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Fiechuk*, 2009 SD 62, ¶ 8, 769 NW2d at 846 (quoting SDCL 19-12-3 (Rule 403)). Trial courts are vested with wide discretion in their evidentiary rulings and this discretion is afforded as well in a court's balancing of unfair prejudice against probative value. *Id.*

[¶13.] The trial court's ruling on the motion in limine was based upon its determination that acts of alleged harassment between the parties occurring before July 31, 2007, were raised or could have been raised in the prior protection order proceedings between them. Accordingly, the court determined that evidence of those acts must be excluded in the present case under principles of res judicata. *See* Ramos v. Weber, 2000 SD 111, ¶ 8, 616 NW2d 88, 91 (res judicata disallows reconsidering an issue that was actually litigated or that could have been raised and decided in a prior action).

[¶14.] This Court specifically addressed the role of res judicata in protection order cases in White v. Bain, 2008 SD 52, 752 NW2d 203, another case of feuding neighbors. In that case, Bain commenced her harassment of the Whites with a series of offensive letters and phone calls. The Whites sought a protection order which was denied. Bain then assaulted Mrs. White in her home and the Whites again sought a protection order which was granted. The order was granted, in part,

on the basis of the letters from Bain previously deemed insufficient for a protection order. On appeal, Bain challenged the trial court's reliance on the letters on the grounds of res judicata. This Court rejected that argument, holding that the trial court appropriately took judicial notice of the first protection order proceeding during the second proceeding for purposes of background information.

[¶15.] In reaching our decision in *White*, we paid heed to principles of res judicata as applied to claims arising out of continuing or renewed conduct such as that of Bain. We held that, in such cases, evidence of underlying activity from a prior claim may be admissible to prove a new claim, but that the emphasis must be on acts committed subsequent to the prior claim because, absent those acts, res judicata would bar the new claim. Accordingly, we concluded: "Because of Bain's subsequent acts, however, we hold that res judicata did not bar the second action or the trial court from considering her collection letters as *part* of the basis for determining that stalking took place." *White*, 2008 SD 52, ¶ 21, 752 NW2d at 209 (emphasis original).

[¶16.] The trial court here followed the same course as the trial court in *White*. The trial court made clear numerous times that, despite granting Hobart's motion in limine, it was taking judicial notice of all of the prior protection order proceedings between Ferebee and Hobart and that it had carefully reviewed the records in those cases consisting of hundreds of pages of material. Thus, the trial court's order in limine did not exclude *all* evidence of the prior claims between Ferebee and Hobart, but simply excluded the introduction of new or additional evidence relevant to those claims. Under the circumstances of this case, the

introduction of new or additional evidence of the prior claims would clearly have risked confusion of the issues, undue delay, waste of time and needless presentation of cumulative evidence. *See Fiechuk*, 2009 SD 62, ¶ 8, 769 NW2d at 846 (quoting SDCL 19-12-3 (Rule 403)). The trial court's ruling quite properly avoided these risks and kept the focus of the case where it needed to be, on the subsequent acts of harassment allegedly committed by Hobart and relevant to Ferebee's new claim for a protection order.

[¶17.] Even if the trial court did err in some respect with its order in limine, we must also consider the prejudice to Ferebee. *See e.g.* Kostel v. Schwartz, 2008 SD 85, ¶ 22, 756 NW2d 363, 374; State v. Cottier, 2008 SD 79, ¶ 30, 755 NW2d 120, 132. Based upon its review of the extensive records in the prior cases and the record and evidentiary hearing in the present case, the trial court was well aware of the status of the parties and their posture toward one another. As the court found in this regard:

> [V]irtually all of the pre-July 31 incidents cited by [Ferebee] are specifically raised and/or addressed in prior proceedings, the remainder could have been and should have been so addressed. Given the countless motions, hearings, orders and appeals, neither party can claim a lack of opportunity or knowledge. To the extent that those events may add flavor or spice to this proceeding, the Court has taken notice of them and is keenly aware of their flavor. It neither needs nor desires further evidence as to those incidents. The Court is simply not going to rehash a dozen years of hostility when the multiple claims, counterclaims, rebuttals and arguments have already been presented on far too many occasions.

[¶18.] In view of the trial court's familiarity with this case and its history as well as with the parties, it is difficult to see how evidence of one more act or even a

series of acts by Hobart would have changed the outcome of Ferebee's protection order proceeding. The court was well aware that *both* parties had been at fault in their hostile relationship. The court specifically found that they had *both* engaged in a "neighbors' war" for as long as they had known each other, that *both* parties had asserted a threat of guns, and that Hobart had not always acted or reacted "irenically"[2] toward Ferebee. Nevertheless, the court found Ferebee the more problematic of the two in maintaining their feud. The court found that Ferebee could not accept any adverse ruling, that he continually sought reconsideration of issues, that he had a self-righteous perception that any contrary view was wrong and that Hobart had not demonstrated a similar degree of antagonism and insistence. The court further found that Ferebee was given to more "Philippic complaints"[3] and had a far more violent temper than Hobart. In that regard, the court found that Ferebee had twice made threats involving guns against Hobart in front of law enforcement officials and that he had even been threatening to, and obnoxious with, law enforcement officers he had called for help. The court found these actions indicative of a dangerous and threatening personality.

[¶19.]     These findings and the court's other findings in a similar vein demonstrate that it was not so much an insufficiency of evidence of misconduct on the part of Hobart that led to the denial of Ferebee's protection order, but that

---

2.     "Irenic" is defined as "[p]romoting peace; conciliatory." The American Heritage College Dictionary 717 (3rd ed 1997).

3.     "Philippic" is defined in relevant part as, "[a] harsh, often insulting verbal denunciation; a tirade." The American Heritage College Dictionary 1026 (3rd ed 1997).

Ferebee was himself guilty of so much misconduct between the parties. A protection order is a form of injunction and an injunction is an equitable remedy. *See* Sjomeling v. Stuber, 2000 SD 103, ¶ 11, 615 NW2d 613, 616 (stating that protection orders are a form of injunction); Durkee v. Van Well, 2002 SD 150, ¶ 13, 654 NW2d 807, 813 (stating that injunction is an equitable remedy). Those who seek equity must do equity and come into court with clean hands. Quick v. Samp, 2005 SD 60, ¶ 16, 697 NW2d 741, 747 (citing Himrich v. Carpenter, 1997 SD 116, ¶¶ 21 – 2, 569 NW2d 568, 573). Those who do not should be left in the position in which the court finds them. *Id*. Such was the result for Ferebee here.

[¶20.] Based upon the foregoing, even if the trial court did abuse its discretion in limiting evidence of some additional act or acts of misconduct by Hobart, the limitation was not ultimately prejudicial to Ferebee's request for a protection order in view of his own history of misconduct.

## ISSUE TWO

[¶21.] **Whether the trial court abused its discretion in awarding Hobart attorney's fees under SDCL 15-17-51.**

[¶22.] Ferebee argues that the trial court erred in concluding that Hobart was entitled to an award of attorney's fees under SDCL 15-17-51. An award of attorney's fees is reviewed under the abuse of discretion standard of review. Parsley v. Parsley, 2007 SD 58, ¶ 15, 734 NW2d 813, 817 – 18. "An abuse of discretion is a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." Pioneer Bank & Trust v. Reynick, 2009 SD 3, ¶ 13, 760 NW2d 139, 143 (citing Hahne v. Burr, 2005 SD 108, ¶ 22, 705 NW2d 867, 874).

[¶23.]     SDCL 15-17-51 provides:

> If a civil action or special proceeding is dismissed and if the court determines that it was *frivolous or brought for malicious purposes*, the court shall order the party whose cause of action or defense was dismissed to pay part or all expenses incurred by the person defending the matter, including reasonable attorney's fees.

(Emphasis added).

[¶24.]     Ferebee argues that his petition for a protection order was well grounded in law and in fact and, therefore, was not frivolous or malicious so as to entitle Hobart to an award of attorney's fees under SDCL 15-17-51.

[¶25.]     With regard to attorney's fees, the trial court found that this action was part of a continuing effort by Ferebee to harass Hobart, that Ferebee demonstrated the attributes of a "righteous zealot" in his efforts to have Hobart submit to his dictates, and that he flooded Hobart with every conceivable complaint and accusation in hopes that one would strike home. The court further found Ferebee "indefatigable" in his pursuit of Hobart and that his complaints were unreasonable and frivolous. The court found "much" of Ferebee's petition for a protection order and his subsequent motions part of a "long line of frivolous and unnecessary multiple filings addressing issues previously litigated or without a sufficient legal basis." In addition, the court found that Ferebee had Hobart responding to multiple actions and motions in multiple courts including cases before two different judges in the Seventh Circuit and cases before the U.S. District Court and Eighth Circuit Court of Appeals. The court went on to detail Ferebee's numerous cases and motions before these courts, noting that a majority of his motions dealt with issues that were res judicata. The court also noted that U.S.

District Court Judge Bogue had issued an order prohibiting Ferebee from filing any more motions at the district court level.

[¶26.] The trial court observed that, as a result of Ferebee's extensive litigation, Hobart had incurred over $90,000 in attorney's fees while Ferebee, representing himself pro se, had little cost. With specific regard to the standards of frivolousness and maliciousness, the court found:

> The continual litigation stems from Mr. Ferebee's intransigent view that he is right and Mr. Hobart, Judge Davis, Judge Fuller, the South Dakota Supreme Court, and Judge Bogue (and this Court) are all wrong in their positions and rulings. The very nature of Mr. Ferebee's continual litigation is frivolous and malicious since Mr. Ferebee continues to raise the same issues over and over, even though the issues have been previously decided in Mr. Hobart's favor.

[¶27.] These and other similar findings by the trial court are well supported by the voluminous record. Simply paging through the boxes of court files establishes the nonsensical and repetitious nature of most of Ferebee's pleadings and his innumerable letters and requests to the court. As the trial court found, Ferebee would simply not take "no" for an answer. If one motion or letter or inquiry failed to obtain a result Ferebee found satisfying, he would immediately follow it up with another motion or letter, and then another, and another, and so on. While some of these practices could perhaps be attributed to Ferebee's pro se status and lack of familiarity with proper procedures, Ferebee can claim no advantage from his status. *See* Oesterling v. Oesterling, 354 NW2d 735, 736 – 37 (SD 1984)(granting a party an indulgence for lack of familiarity with the rules of pleading and practice would grant liberties not accorded those who seek out counsel to represent them).

Moreover, these tactics, employed in multiple court files in different courts at the state and federal level at the same time, plainly exhibit a strategy designed to utilize the court system and rules of procedure as tools to further harass and intimidate Hobart as much as to obtain valid redress for a wrong.

[¶28.] Clearly Ferebee's campaign of aggressive and harassing pro se litigation against Hobart fell within the bounds of frivolous and malicious litigation as defined by law. *See Pioneer Bank & Trust*, 2009 SD 3, ¶ 15, 760 NW2d at 143 (frivolousness connotes an improper motive or legal position so wholly without merit as to be ridiculous, and maliciousness exists where the primary motive of a claim is hostility or ill will).

[¶29.] Based upon the trial court's detailed findings as to the frivolousness and maliciousness of Ferebee's action and the record support for those findings, there was no abuse of discretion by the trial court in awarding Hobart attorney's fees under SDCL 15-17-51.

## ISSUE THREE

[¶30.] **Whether the trial court abused its discretion in denying Hobart's motion for a permanent injunction against Ferebee.**

[¶31.] As a remedy for Ferebee's ongoing pattern of filing frivolous and harassing legal pleadings and documents, Hobart sought a permanent injunction to prohibit Ferebee from filing any motion, petition, pleading, or new lawsuit against him without leave of the court. The trial court denied the motion. Hobart contests the denial.

> Granting or denying an injunction rests in the sound
> discretion of the trial court. We will not disturb a ruling
> on injunctive relief unless we find an abuse of discretion.

> An abuse of discretion can simply be an error of law or it might denote a discretion exercised to an unjustified purpose, against reason and evidence.

Halls v. White, 2006 SD 47, ¶ 4, 715 NW2d 577, 579 (quoting Hendrickson v. Wagners, Inc., 1999 SD 74, ¶ 14, 598 NW2d 507, 510 – 11).  Further, in reviewing a trial court's decision on an injunction, this Court reviews the trial court's findings of fact under the clearly erroneous standard, but gives no deference to its conclusions of law.  *Halls*, 2006 SD 47, ¶ 4, 715 NW2d at 579 (citing *Hendrickson*, 1999 SD 74, ¶ 9, 598 NW2d at 509).

[¶32.]    With regard to the injunction issue, the trial court found that Ferebee had established a litigious course of conduct over a period of nearly ten years in front of three different circuit court judges, the South Dakota Supreme Court, the United States District Court for South Dakota, and the United States Court of Appeals for the Eighth Circuit.  The court further found that Ferebee's positions in these cases were often unsupported by law or barred by res judicata and collateral estoppel and, therefore, his pleadings and other documents were filed for frivolous and malicious reasons.  Despite these findings, the trial court denied Hobart an injunction, determining that "pecuniary compensation to Hobart in the form of attorney's fees and/or monetary sanctions" would be more appropriate than a permanent injunction.

[¶33.]    There was no abuse of discretion by the trial court in its decision.  As the facts of this matter demonstrate, the relationship between Ferebee and Hobart is extremely tense and the trial court is better placed than this Court to resolve which remedies might best address the situation and serve to defuse it rather than

exacerbate it. Moreover, Hobart acknowledges in his brief that the various trial courts have only recently begun to award him attorney's fees for Ferebee's frivolous court filings and many of those fees are now on appeal to this Court. Thus, Ferebee has yet to feel the full weight of attorney's fee sanctions for his frivolous filings and it cannot yet be determined what effect those sanctions may have on his litigious conduct. Thus, the trial court was well placed in determining that it was better to give those sanctions an opportunity to work before imposing an even more severe sanction on Ferebee such as an injunction. *See* Cutshaw v. Karim, 256 NW2d 566, 568 – 69 (SD 1977)(stating that the extraordinary remedy of an injunction will not lie where the plaintiff has another adequate remedy). *See also e.g.* Morning Star Baptist Church v. James City County Police, 480 FSupp2d 853, 862 (EDVa 2007)(affirming the imposition of a pre-filing injunction where the pro se plaintiff's litigation history showed that a monetary sanction alone would not deter his future abuse of judicial process).

## CONCLUSIONS

[¶34.]     Based upon the foregoing analysis, the trial court did not abuse its discretion in granting Hobart's motion in limine or in awarding Hobart attorney's fees under SDCL 15-17-51, nor did the trial court abuse its discretion in denying Hobart's motion for a permanent injunction.

### Appellate Attorney's Fees

[¶35.]     Hobart has filed a motion for appellate attorney's fees related to Ferebee's appeal of the attorney's fees the trial court awarded to Hobart under SDCL 15-17-51. The motion is accompanied by an itemized statement of costs

incurred and legal services rendered.  Based upon the above conclusions, Hobart is eligible for appellate attorney's fees on the portion of the appeal related to SDCL 15-17-51.  *See* Flugge v. Flugge, 2004 SD 76, ¶ 38, 681 NW2d 837, 846 – 47. Accordingly, Hobart is granted appellate attorney's fees of $3,651.81.

[¶36.]     Affirmed.

[¶37.]     GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, MEIERHENRY and SEVERSON, Justices, participating.