KONENKAMP, Justice
(concurring specially).
[¶ 23.] “Frivolous” is an elusive word. In enacting SDCL 15-17-51, our Legislature supplied no definition of what constitutes a frivolous civil action. Can it mean that any case dismissed for inadequate evidence or legal support will be deemed frivolous? After all, claims can be dismissed under such statutes as SDCL 15-5-9, SDCL 15-6-12, SDCL 15-6-41, SDCL 15-6-50, and SDCL 15-6-56, to cite only a few. In every instance where a cause of action is dismissed on summary judgment, for example, will the dismissal result in a finding that the claim was frivolous? A rigid interpretation of SDCL 15-17-51 would mandate such a result.
[¶ 24.] We are not alone in struggling to find an effective legal definition. “Numerous courts encounter[ ] difficulty defining the term, articulating consistent standards for identifying it, and providing clear guidance to counsel and litigants.” Carl Tobias, The 1993 Revision to Federal Rule 11, 70 Ind. L.J. 171, 196 (1994). Judge Easterbrook, joined by Judge Posner, once imposed sanctions for a frivolous claim, describing the plaintiffs theory as “wacky, sanctionably so.” Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1080 (7th Cir.1987). Another case labeled a claim “vacuous.” Frantz v. United States Powerlifting Fed’n, 836 F.2d 1063, 1068 (7th Cir.1987). As a synonym for frivolous, we use “ridiculous.” Ridley v. Lawrence Cnty. Comm’n, 2000 S.D. 143, ¶ 14, 619 N.W.2d 254, 259 (citation omitted). Perhaps the most helpful guidance comes from Judge Weinstein’s dictionary definition:
“Frivolous” is of the same order of magnitude as “less than a scintilla.” It is defined in Webster’s Third New International Dictionary (1967) as “of little weight or importance: having no basis in law or fact: light, slight, sham, irrelevant, superficial.” The Oxford English Dictionary (1971) defines it as “[o]f little or no weight, value or importance; paltry; trumpery; not worthy of serious attention; having no reasonable ground or purpose ... In pleading: Manifestly insufficient or futile.”
Eastway Constr. Corp. v. City of New York (Eastway II), 637 F.Supp. 558, 565 (E.D.N.Y.1986). Can we say that the circuit court here abused its discretion in failing to expose this case as trumpery, a sham, lacking a scintilla of merit, vacuous, paltry, ridiculous, or wacky? “Frivolous” surely connotes something worse than simply failing for lack of merit.
[¶ 25.] The difficulty here illustrates why our standard of review is crucial. The appellant urges us to adopt a de novo *811 review. The United States Supreme Court dealt with this very issue at a time when Federal Rule 11 contained a provision similar to the language in SDCL 15-17-51. Between 1983 and 1993, Rule 11 provided that trial courts “shall” impose upon the attorney or the attorney’s client “an appropriate sanction” for a frivolous filing, which may include “a reasonable attorney’s fee.” See Federal Rule of Civil Procedure 11 (from 1983 to 1993). In reviewing trial court rulings on allegations of frivolousness, several federal circuits took either a full de novo review or a three-tiered review, using, in turn, abuse of discretion, clearly erroneous, and de novo standards.
[¶ 26.] Rejecting these approaches, the Supreme Court ruled that “appellate courts should review all aspects of a district court’s imposition of Rule 11 sanctions under a deferential standard,” including the trial court’s legal conclusions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 401, 110 S.Ct. 2447, 2458, 110 L.Ed.2d 359 (1990). Of course, an abuse of discretion could be established if the trial court “based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.” Id. at 405, 110 S.Ct. at 2461. But the Court cautioned that simply because “sanctions ‘shall’ be imposed when a violation is found does not have any bearing on how to review the question whether the attorney’s conduct violated Rule 11.” Id. at 404, 110 S.Ct. at 2460. Thus, the Court applied “a unitary abuse-of-discretion standard to all aspects of a Rule 11 proceeding.” Id. at 403, 110 S.Ct. at 2459.
[¶ 27.] As Justice O’Connor explained, de novo review would require investing “time and energy in the unproductive task of determining ‘not what the law now is, but what [a party] was substantially justified in believing it to have been.’ ” Id. (citations omitted). An appellate court “would be required to determine whether, at the time the attorney filed the pleading[,] ... his legal argument would have appeared plausible.” Id. at 403-04, 110 S.Ct. at 2460. These rulings “ ‘will either fail to produce the normal law-clarifying benefits that come from an appellate decision on a question of law, or else will strangely distort the appellate process’ by establishing ... law in ‘a most peculiar, secondhanded fashion.’ ” Id. (citation omitted).
[¶ 28.] Trial courts are better acquainted with “the local bar’s litigation practices and thus best situated to determine when a sanction is warranted to serve [the statute’s] goal of specific and general deterrence.” Id. Indeed, “[d]eference to the determination of courts on the front lines of litigation will enhance these courts’ ability to control the litigants before them.” Id. And this unburdens the appellate process “from the duty of reweighing evidence and reconsidering facts already weighed and considered[.]” Id. It also discourages “litigants from pursuing marginal appeals, thus reducing the amount of satellite litigation.” Id.
[¶ 29.] Concern over unnecessary satellite litigation cannot be overstressed. While deterring irresponsible and abusive lawsuits, SDCL 15-17-51 should not be so misconstrued as to chill ingenuity in advocacy and the beneficial development of the law. A heavy-handed application of this statute would convert it from being a safeguard against nonsense lawsuits into a whole new source for derivative litigation over demands for attorney’s fees. To complicate matters, were we to take plenary review of claims for frivolous filings, we would not just be the final arbiters on any appeal of a dismissal, but also the final judges on all the inevitable accompanying claims that these dismissed cases were frivolous.
*812 [¶ 30.] What claims are frivolous, in any event, raises delicate questions, not easily susceptible to bright-line rules. A finding of frivolousness, therefore, should be reserved for “exceptional circumstances.” See Garr v. United States Healthcare, Inc., 22 F.3d 1274, 1281 (3d Cir.1994) (citation omitted). Of course, SDCL 15-17-51 should have its bite. But misuse of this statute as a tonic for the perception that we are steeped in bogus civil filings could impair open access to our courts embodied in South Dakota’s Constitution and in the tolerant pleading scheme of our rules of civil procedure. See S.D. Const. art VI, § 20; SDCL ch. 15-6. Truly not every claim dismissed for “lack [of] any merit” is legally frivolous. See Gurary v. Nu-Tech Bio-Med, Inc., 303 F.3d 212, 221 (2d Cir.2002); see also Ridley, 2000 S.D. 143, ¶¶ 14, 15, 619 N.W.2d at 259-60.
[¶ 31.] Doubts about frivolousness should inure, at the very least, to the benefit of responsible counsel. It is one thing to say, as we did in Ferebee v. Hobart, that multiple pro se resubmissions of previously decided motions were frivolous; it is quite another to declare that a good faith but unsuccessful argument on a weighty .issue made by experienced counsel should also be deemed frivolous. See 2009 S.D. 102, ¶ 25, 776 N.W.2d 58, 65. In truth, this case was far from insubstantial: a grandmother deeded her multi-million dollar farmland to her daughter and son-in-law, mistakenly believing that they would remain married and pass the farm ultimately to the grandchildren.
[¶ 32.] Adding to our concern, a finding of frivolousness suggests that the attorney submitting such a pleading has committed unethical conduct. Under South Dakota’s Rules of Professional Conduct, Rule 3.1, “A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous.” SDCL ch. 16-18, App. Rule 3.1 (emphasis added). Unlike Rule 11, however, SDCL 15-17-51 only applies to parties, not their attorneys. Are clients, then, to be held to a higher pleading standard than counsel? Of course not, as that would ascribe to clients greater legal expertise than their attorneys.
[¶ 33.] Accordingly, we must consider the commentary to Rule 3.1: “The filing of an action or defense or similar action taken for a client is not frivolous merely because the facts have not first been fully substantiated or because the lawyer expects to develop vital evidence only by discovery....” SDCL ch. 16-18, App. Rule 3.1. Nor is an action “frivolous even though the lawyer believes that the client’s position ultimately will not prevail.” Id. On the other hand, an “action is frivolous ... if the lawyer is unable either to make a good faith argument on the merits of the action taken or to support the action taken by a good faith argument for an extension, codification or reversal of existing law.” Id. (emphasis added).
[¶ 34.] Litigants can ordinarily (and rightly) anticipate that significant evidence may only become available during discovery after a lawsuit starts. This case did not come up for summary judgment consideration until after both the plaintiffs and the defendant’s depositions were taken. Any case can take unexpected turns even with the best preparation. Thus, our judgment should not be skewed by the convenience of hindsight. See Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir.1986). The objective reasonableness of a party’s actions under the circumstances known to him or her should be examined at the time the questionable pleading was submitted. See Bus. Guides, Inc. v. Chromatic Commc’ns Enters., Inc., 498 U.S. *813 533, 548-49, 551, 111 S.Ct. 922, 931-32, 933-34, 112 L.Ed.2d 1140 (1991).
[¶ 35.] Judge Weinstein called for a “frank recognition of the fact that rather than being adequately described by the frivolous-nonfrivolous dichotomy, cases really do lie along a continuum. Some are clearly frivolous, some clearly nonfrivolous, and some are difficult to call.” Eastway II, 637 F.Supp. at 574. As our Court notes here, this case was close. Yet a lawyer has an ethical duty to zealously assert a client’s cause, even if that cause might come close to frivolous. A narrow interpretation of SDCL 15-17-51 would impose strict liability for attorney’s fees no matter how slightly the line was crossed.
[¶ 36.] All these considerations lead to the conclusion that rulings on whether an action was frivolous should be left to the discretion of the judges on the front lines of litigation. Deferential review gives trial courts “the necessary flexibility to resolve questions involving ‘multifarious, fleeting, special, narrow facts that utterly resist generalization.’ ” Cooter & Gell, 496 U.S. at 404, 110 S.Ct. at 2460 (citation omitted). Under the proper standard of review, the trial court was within its discretion in ruling that this case was not frivolous. As an appellate court, our function is to decide what the law is — not to decide, as a question of law, whether a party made a good faith argument in believing what the law was or should have been.